McNAUGHTON *v.* ROCKFORD STATE BANK.

1. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT OF CAUSE OF ACTION—ACTIONS BASED ON FRAUD DISTINGUISHABLE.

In applying 3 Comp. Laws 1929, § 13983, providing that action may be brought within two years after discovering right of action, where there was fraudulent concealment thereof, notwithstanding it would otherwise be barred by statute of limitations, regard must be had for distinction between actions based on fraud or breach of trust and those where such misconduct does not taint cause of action.

2. SAME—MERE SILENCE OR BREACH OF PROMISE NOT FRAUDULENT CONCEALMENT.

Mere silence on part of defendant, or breach of promise, do not constitute fraudulent concealment of cause of action, where not tainted by any misconduct (3 Comp. Laws 1929, § 13983).

3. SAME—FRAUDULENT CONCEALMENT DEFINED.

Fraudulent concealment of cause of action means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing right of action; acts relied on must be of affirmative character and fraudulent.

4. SAME—FRAUDULENT CONCEALMENT.

Failure of bank to keep its promise to notify plaintiff as to excess amount received on sale of stock pledged by her as collateral to her husband's note did not amount to fraudulent concealment of cause of action, where bank took no affirmative or other means to avoid inquiry or keep facts from plaintiff, and latter was negligent in failing to make inquiry (3 Comp. Laws 1929, § 13983).

5. SAME.

Wife's action against bank to recover excess amounts received on sale of stock pledged by her as collateral to husband's note, brought nearly 10 years after cause of action accrued, is barred by statute of limitations, where there was no fraudulent concealment of cause of action by bank.

As to running of statute of limitations in case of concealed fraud, see annotation in 25 L. R. A. 566.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 12, 1932. (Docket No. 79, Calendar No. 36,768.) Decided January 3, 1933.

Case by Frances McNaughton against Rockford State Bank for conversion of moneys derived from the sale of collateral security. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Dunham, Taylor & Allaben* and *Linsey, Shivel & Phelps* (*Cornelius Wiarda,* of counsel), for plaintiff.

*Smith, Searl & Strawhecker,* for defendant.

FEAD, J. Plaintiff brought suit for conversion of moneys, adding the common counts, and had verdict of a jury and judgment. Defendant pleaded the statute of limitations, and its motions for directed verdict and new trial were denied. The principal question is whether the statute of limitations was tolled by fraudulent concealment of the cause of action from the knowledge of plaintiff by defendant. 3 Comp. Laws 1929, § 13983.

In 1919, plaintiff began to finance her second husband, Clare McNaughton, with money and credit, in the garage business. His first transaction with defendant was the opening of a personal checking account, with plaintiff's check to him for $500.

On March 10, 1920, McNaughton borrowed $600 from defendant. When the note became due in July, plaintiff signed the renewal with him, and both executed renewals in January, March, June, and August of 1921.

In April, 1920, plaintiff and her husband, on joint note, borrowed $700 from defendant, renewed it in

October for six months, and it was marked paid and surrendered on January 8, 1921.

Defendant held as collateral 150 shares of Brown Seed Company stock and some United Truck & Equipment Company stock, which it claims was security for loans generally. Plaintiff denied knowledge of the latter stock, and claimed the Brown Seed Company stock was collateral only to the $600 note. She stated she turned it over to her husband "to use as he saw fit." The certificate was deposited in the bank by McNaughton when the note was given. It ran to plaintiff and was indorsed by her in pencil in blank.

January 8, 1921, McNaughton sold the Brown Seed Company stock for $1,335, deposited the proceeds to his personal account, paid the $700 note by check, and later checked out the balance in due course. The certificate was delivered by defendant on payment of the price.

McNaughton had other notes, some of which plaintiff executed with him, but the record is not complete as to them. However, it appears that there was a note of $600, executed by both, renewed at intervals until July, 1920, when $200 was paid on it and the balance renewed quarterly to August, 1921, and is still unpaid; that, upon the $600 note, which was last renewed in August, 1921, and to which plaintiff claims the Brown Seed Company stock was collateral, $450 was credited from sale of the truck company stock, and the balance is still unpaid; and that in March, 1921, the parties gave a note for $140, afterwards paid.

McNaughton became bankrupt in December, 1921. Later plaintiff obtained a divorce from him, with property settlement, in which he agreed to pay her $5,000. She claims she advanced him over $14,000.

She does not know what bank items were taken into consideration in reaching the settlement. This suit was commenced December 16, 1930, to recover the sale price of the Brown Seed Company stock less the $600 note.

Plaintiff's claim of fraudulent concealment of the cause of action, tolling the statute of limitations, is that, in July, or August, 1920, defendant's cashier approached her to sign the stock certificate in ink and told her the note had not been paid; she told him the stock was worth more than the note, and he replied that it would hardly bring enough to pay the note and interest; on her further insisting upon the value of the stock, he agreed to give her any excess on the sale and promised to notify her if there was an excess; she relied upon his promise because her first husband was a banker, was honest, and she thought all bankers could be trusted; she made no inquiries to ascertain the facts and did not discover there had been an excess until October, 1930. The occasion of discovery was not shown, but it appears both she and McNaughton were making inquiries at the time. Defendant wholly denied the claimed conversation, but, under the verdict of the jury, plaintiff's testimony and version must be accepted.

In applying the statute here invoked, regard must be had for the distinction between actions based on fraud or breach of trust (*Tompkins* v. *Hollister,* 60 Mich. 470; *Stebbins* v. *Patterson,* 108 Mich. 537; *Allen* v. *Conklin,* 112 Mich. 74), and those where such misconduct does not taint the cause of action. As to the latter, mere silence on the part of defendant is not fraudulent concealment of the cause of action (*Dowse* v. *Gaynor,* 155 Mich. 38; 37 C. J. p. 977), nor is breach of a promise (*Hall* v. *Railroad*

*Co.,* 257 Pa. 54 [100 Atl. 1035, L. R. A. 1917 F, 414];
*Mitchell Coal & Coke Co.* v. *Railroad Co.,* 241 Pa.
536 [88 Atl. 743]), but:

"Fraudulent concealment means employment of
artifice, planned to prevent inquiry or escape inves-
tigation, and mislead or hinder acquirement of in-
formation disclosing a right of action. The acts
relied on must be of affirmative character and fraud-
ulent." *De Haan* v. *Winter,* 258 Mich. 293, 296.

See, also, *Wolkins* v. *Knight,* 134 Mich. 347; 37
C. J. p. 977.

It is also the rule that—

"A plaintiff cannot excuse his delay in instituting
suit on the ground of fraudulent concealment of his
cause of action if his failure to discover it is attrib-
utable to his own neglect.   *   *   *   To prevent the
barring of an action, it must appear that the fraud
not only was not discovered, but could not have been
discovered with reasonable diligence, until within
the statutory period before the action was begun."
17 R. C. L. p. 858.

"The statute was not designed to help those who
negligently refrain from prosecuting inquiries
plainly suggested by facts known, and the plaintiff
must be held chargeable with knowledge of the
facts, which it ought, in the exercise of reasonable
diligence, to have discovered." *First National
Bank of Ovid* v. *Steel,* 146 Mich. 308, 315.

The testimony carries no inference that defend-
ant had a fraudulent intent to conceal the cause of
action or took affirmative or other means to avoid
inquiry or keep the facts from plaintiff. Plaintiff's
case rests wholly on the breach of defendant's
promise to notify her of the excess on sale. Such
promise would not excuse blind inaction beyond the
ordinary period of limitation.

In addition, plaintiff was negligent in failing to make inquiry. *Ramsey* v. *Child, Hulswit & Co.*, 198 Mich. 658. During the year preceding the claimed conversation, she transacted business with defendant both by way of renewal of notes and incurring new obligations, and the most casual attention to her business affairs, even less than ordinary prudence demanded, would have disclosed that the proceeds of the sale of stock had not been applied, as she claimed was intended. But the duty to make active and earnest inquiry was even more directly imposed upon her. The conversation of 1920 had reference to immediate sale of the stock and application of the proceeds on the indebtedness which, under plaintiff's theory, meant the $600 note. Yet, for at least a year thereafter, she knew the $600 note had not been paid because she signed four renewals of it. With such knowledge, plaintiff could not escape the duty to make inquiry which would have disclosed the cause of action.

In our opinion, the undisputed facts disclose both no fraudulent concealment of the cause of action by defendant and negligence by plaintiff in failing to make inquiry, and the statute of limitations was not tolled. Verdict should have been directed for defendant.

Judgment will be reversed, without new trial, and with costs to defendant.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.