## BESSMAN v. WEISS.

1. ATTORNEY AND CLIENT—MALPRACTICE—PLEADINGS—ESTOPPEL.

   Summary judgment in favor of defendant attorneys in malpractice action in which plaintiffs alleged that defendants representing plaintiffs in Federal action, were guilty of malpractice by volunteering information and admissions against plaintiffs' interest in pleadings, *held*, proper, where plaintiffs signed the pleadings swearing to the veracity of the information and admissions and are now estopped from objecting to the conduct of their lawyers.

2. SAME—MALPRACTICE—SILENCE AS CONSENT.

   A client who permits work to be done or an argument to be made on his behalf by his attorney is assumed from silence and acquiescence to have consented to the attorney's conduct.

3. SAME—STANDARD OF CARE BY ATTORNEY.

   A lawyer is not an insurer of the result in a case in which he is employed, unless he makes a special contract to that effect, and for that purpose; there is no implied contract, when he is employed in a case, or any matter of legal business, that he will bring to bear learning, skill, or ability beyond that of the average of his profession; nor can more than ordinary care and diligence be required of him, without a special contract being made requiring it.

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 March 4, 1968, at Detroit. (Docket No. 3,313.) Decided May 29, 1968. Rehearing denied November 14, 1968. Application for leave to appeal filed December 4, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 171.
[2] 7 Am Jur 2d, Attorneys at Law § 106.
[3] 7 Am Jur 2d, Attorneys at Law § 168.

Complaint by Iris S. Bessman and David S. Bessman, a Michigan partnership, against Philip Weiss and Jesse R. Bacalis for malpractice of law.   Judgment for defendants.   Plaintiffs appeal.   Affirmed.

*Iris S. Bessman* and *David S. Bessman, in propria persona.*

*Weiss & Bacalis,* for defendants.

FITZGERALD, J.   The genesis of the lawsuit under appeal was a suit against plaintiffs in the United States Federal district court.   In this action, they were sued by the American Fidelity Fire Insurance Co., asking damages for delinquency in remitting insurance premiums collected in excess of $100,000. Defendants herein initially acted as attorneys for plaintiffs in that action.

Defendants represented plaintiffs from September 21, 1965, to November 24, 1965, when their employment was terminated and another law firm substituted for them.   On March 14, 1966, the insurance company recovered a judgment in Federal court against the plaintiffs, who again changed attorneys, substituting different counsel.   On July 8, 1966, plaintiffs once again substituted attorneys and on October 13, 1966, the Federal court proceedings were completed.

The instant suit was begun in the circuit court for Wayne county on December 2, 1966, wherein plaintiffs sued defendants on a claim of malpractice, stating *inter alia* that the answer filed by defendants in the Federal court suit both volunteered information and made deleterious admissions without the knowledge, consent or permission of the plaintiffs, alleging further that the information contained in the answer was totally untrue.   They charged that

the defendants owed them a duty of proper representation with proper pleadings and that as a result of the summary judgment which had been entered in Federal court, they suffered great loss of income and would continue to suffer such loss. They alleged further that their license to conduct an insurance business could be revoked and that if such an event should come to pass, they would lose their livelihood. They concluded the complaint by asking for damages against defendants in the amount of $1,500,000.

In answering the complaint, defendants injected the affirmative defense that in the original Federal court case defendant David Bessman was present in their law offices at the time the pleadings were dictated in response to a complaint, that he read and approved of them, and that the sworn answer was filed with the full knowledge, permission and approval of the plaintiffs. They raised the point that there was no question but what plaintiffs were short in payment of their accounts to the insurance company and the issues in the lawsuit centered around the justification for being short, and in disputing the amount of the shortage. An amended complaint was filed raising questions regarding a receivership and general conduct of the lawsuit by defendants.

A motion for summary judgment was made by defendants and heard and decided favorably to them on January 6, 1967. Plaintiffs moved that the order be set aside, this motion was denied, and appeal has been brought to this Court.

The sole issue before this Court is the propriety of the granting of the summary judgment in favor of defendants.

A complete examination of the pleadings and record before us leads to the conclusion that the trial court properly entered the summary judgment.

The plaintiffs herein are faced with the fact that the answer filed in the initial case was a sworn answer relating many of the facts they now state to be untrue and we find that their action in swearing to the veracity of the statements now estops them from suing on the course of conduct pursued by their attorneys. The early Michigan case of *Eggleston* v. *Boardman* (1877), 37 Mich 14, 19, 20, and which has been quoted with approval by the Supreme Court as recently as 1954 (*Jackson* v. *Wayne Circuit Judge* [1954], 341 Mich 55, 59), states:

"And where the client stands by and permits work to be done, or an argument to be made on his behalf * * * we think it may very fairly be assumed from his silence and acquiescence that he consented thereto."

We think it proper to include a quotation from the case of *Babbitt* v. *Bumpus* (1889), 73 Mich 331, 337, 388:

"A lawyer is not an insurer of the result in a case in which he is employed, unless he makes a special contract to that effect, and for that purpose. Neither is there any implied contract, when he is employed in a case, or any matter of legal business, that he will bring to bear learning, skill, or ability beyond that of the average of his profession. Nor can more than ordinary care and diligence be required of him, without a special contract is made requiring it."

An apt observation is found in the case of *Dorf* v. *Relles* (CA 7, 1966), 355 F2d 488, 494 (17 ALR 3d 1433, 1441):

"If a judgment against an attorney, on a record such as is before us, can be justified, the legal profession would be more hazardous than the law contemplates. An attorney could hardly afford to take the chance of communicating with his client by any

means other than in writing or by having a record made of every conversation between them. Otherwise, he would be amenable to an action for damages, oft-times by a client disgruntled because of an unfavorable result, with no way to disprove the client's version of what took place."

Affirmed. Costs to appellees.

T. G. KAVANAGH, P. J., and BURNS, J., concurred.