BARNARD v DILLEY

Docket No. 67219. Submitted November 1, 1983, at Grand Rapids.—
Decided May 1, 1984.

Plaintiff, Martha Barnard, hired defendants, Robert W. Dilley
and Dilley & Dilley, the law firm of which Robert Dilley was a
member, to act for her in a lawsuit brought against her by
Ethel and Dorothy Hartman. A serious disagreement took place
between plaintiff and defendant Dilley on April 19, 1978, which
resulted in Dilley's withdrawing as plaintiff's attorney a few
days later. The suit against plaintiff was ultimately dismissed.
On April 14, 1981, plaintiff commenced the present action in
the Kent Circuit Court against the defendants. In her first
complaint, plaintiff alleged legal malpractice. In her first
amended complaint, plaintiff alleged that she contacted defen-
dant Dilley and requested that he defend her against the claim
brought by the Hartmans and that she and Dilley then entered
into a contractual agreement in which Dilley agreed to repre-
sent her in the aforementioned lawsuit. Defendants moved for
an accelerated judgment. The trial court, Stuart Hoffius, J.,
granted the motion and entered an order to that effect. Plaintiff
appeals alleging that the trial court erred in applying the
statute of limitations for legal malpractice to her claims rather
than the statutes governing complaints alleging breach of
contract or general negligence. *Held:*

1. The contract between the plaintiff and defendants was not
a special agreement or a contract to perform a specific act. The
contract was one to exercise appropriate legal skill in providing
representation in a lawsuit. Plaintiff's claim is that damages
flowed not from Dilley's failure to represent her, but from his

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 61, 62.
[2] 51 Am Jur 2d, Limitation of Actions § 63. .
[3, 5] 7 Am Jur 2d, Attorneys at Law §§ 217, 220.
What statute of limitations governs damage action against attorney
for negligence in performance of professional services. 49 ALR2d
1216.
[4] 74 Am Jur 2d, Torts §§ 8, 9.

failure to represent her adequately. This is a claim grounded on malpractice and malpractice only.

2. The trial court properly rejected the plaintiff's claim based on a general theory of negligence. To establish a tort, one must first establish a duty to the claimant imposed on the alleged tortfeasor. The only claim of duty alleged in the first amended complaint arises out of the attorney-client relationship between plaintiff and defendant Dilley. Where the alleged duty arises out of such a relationship, the tort claim is one for malpractice and malpractice only.

Affirmed.

1. LIMITATION OF ACTIONS — CHOICE OF LAWS.

The focal point in determining what period of limitation controls in a particular case is the type of interest allegedly harmed.

2. LIMITATION OF ACTIONS — APPLICABLE PERIOD OF LIMITATION — PLEADINGS.

The applicable period of limitation depends on the theory actually pled where the same set of facts can support either of two distinct causes of action.

3. ATTORNEY AND CLIENT — MALPRACTICE.

A plaintiff's claim that damages flowed not from his attorney's failure to represent him but from the attorney's failure to represent him adequately, based upon a contract to exercise appropriate legal skill in providing representation in a lawsuit, is a claim grounded on malpractice and malpractice only.

4. TORTS — DUTY.

One must first establish a duty to the claimant imposed on the alleged tortfeasor to establish a tort.

5. TORTS — ATTORNEY AND CLIENT — DUTY — MALPRACTICE.

A tort claim based upon an alleged duty of an attorney which arises out of an attorney-client relationship is one for malpractice and malpractice only.

*Story & Stafford, P.C.* (by *Vittorio E. Porco*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants on appeal.

Before: MacKenzie, P.J., and J. H. Gillis and
T. C. Megargle,* JJ.

Per Curiam. Plaintiff appeals as of right from a
grant of an accelerated judgment on her claims
against defendants. Plaintiff claims that the trial
judge improperly applied the statute of limitations
for legal malpractice, MCL 600.5805(4); MSA
27A.5805(4), to her claims rather than statutes
governing complaints alleging breach of contract
or general negligence.

Plaintiff hired defendant Dilley and the law firm
of which he was a member to act as her attorney
in a lawsuit brought against her by Ethel and
Dorothy Hartman. At a scheduled deposition,
plaintiff and defendant Dilley had a serious dis-
agreement which resulted in Dilley's withdrawing
as plaintiff's attorney a few days later. The suit
against plaintiff was ultimately dismissed.

In her first complaint, plaintiff alleged legal
malpractice. In her first amended complaint, plain-
tiff alleged that she contacted defendant Dilley
and "requested that he defend her" against the
claim brought by the Hartmans. She and defen-
dant Dilley then "entered into a contractual agree-
ment in which [he] agreed to represent [her] in the
aforementioned lawsuit". Defendant Dilley and the
attorney for the Hartmans signed a stipulation
providing that the discovery depositions of the
Hartmans and of plaintiff would be taken on April
19, 1978. When she arrived at the deposition,
defendant Dilley insisted that plaintiff sign a letter
authorizing the release of a tape to the Hartmans
in connection with the lawsuit. Plaintiff refused to
sign the letter. Plaintiff claimed that defendant
Dilley "breached his contract with plaintiff on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

April 19, 1978, when he refused to take the depositions in pursuance with the contractual agreement with his client, Martha Barnard, contrary to his signed stipulation, and in defiance of the order of Judge Simhauser".

The trial judge (in this case) determined that plaintiff's claim was one sounding in malpractice and not in contract. The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Adkins v Annapolis Hospital,* 116 Mich App 558, 563; 323 NW2d 482 (1982). The applicable period of limitation depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action. *Wilkerson v Carlo,* 101 Mich App 629, 631-632; 30C NW2d 658 (1980).

In her first amended complaint, plaintiff alleged only that a contract to represent her in a specific action was made between her and defendant Dilley. This contract was not a "special agreement" as that term was used in *Stewart v Rudner,* 349 Mich 459, 468; 84 NW2d 816 (1957). It was not a contract to perform a specific act, but one to exercise appropriate legal skill in providing representation in a lawsuit. Her claim is that damages flowed not from his failure to represent her, but from his failure to represent her adequately. This is a claim grounded on malpractice and malpractice only.

Plaintiff also claimed that defendant Dilley was liable to her based on a general theory of negligence. This claim was properly rejected by the trial court. To establish a tort, one must first establish a duty to the claimant imposed on the alleged tortfeasor. The only claim of duty contained in plaintiff's first amended complaint arises out of the attorney-client relationship between

plaintiff and defendant Dilley. Where the alleged duty arises out of such a relationship, the tort claim is one for malpractice and malpractice only.

Affirmed.