STROUD v WARD

Docket No. 94908. Submitted April 19, 1988, at Detroit. Decided June 6, 1988.

In late 1975, Edward Stroud retained Harry T. Ward, Jr., an attorney, to pursue an employment discrimination and harassment suit against Stroud's employer. The lawsuit was never filed. On August 14, 1978, Stroud filed a request for investigation with the Attorney Grievance Committee based on Ward's failure to pursue Stroud's claim against his employer. In his answer to the investigation, Ward indicated that he had specialized in personal injury cases and had been unaware of the complexities and intricacies involved in employment discrimination cases. On March 2, 1981, following completion of its investigation, the committee admonished Ward. While the committee investigation was pending, Stroud, in September, 1978, retained new counsel to pursue his claim against his employer. Suit was commenced against his employer on August 8, 1979. That suit was dismissed on April 10, 1981, on the basis of the running of the statutory period of limitation. On April 12, 1984, Stroud commenced in Wayne Circuit Court a malpractice action against Ward, which was superseded by an action filed on March 7, 1985. Defendant moved for summary disposition on the basis of the running of the statutory period of limitation. The trial court, Louis F. Simmons, Jr., J., denied defendant's motion on the basis that there existed a factual dispute as to whether defendant had made misrepresentations which caused plaintiff to delay commencing his malpractice action against defendant. Defendant sought and was granted leave to appeal.

The Court of Appeals *held:*

1. A legal malpractice action must be brought within two years of the date the attorney discontinues serving his client in a professional or pseudoprofessional capacity or within six

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197 *et seq.,* 203.

What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.

Legal malpractice by permitting statutory time limitation to run against client's claim. 90 ALR3d 293.

months after plaintiff's discovery of the alleged malpractice, whichever is later.

2. The two-year period started to run in September, 1978, when plaintiff secured new counsel to pursue his employment discrimination claim, since the securing of new counsel effectively terminated the attorney-client relationship between plaintiff and defendant.

3. At the very latest, plaintiff should have discovered defendant's malpractice on the date his employment discrimination suit was dismissed, April 10, 1981, which means that plaintiff's malpractice complaint of April 12, 1984, was filed after the expiration of the statutory period.

4. There is no support for plaintiff's claim that defendant fraudulently concealed the existence of a claim.

5. The nature of plaintiff's claim, even though stated in terms of breach of the contingent fee contract, is one for legal malpractice and is subject to the two-year malpractice statute of limitation.

Reversed.

1. LIMITATION OF ACTIONS — ATTORNEY AND CLIENT — MALPRACTICE.

An action alleging legal malpractice must be commenced within two years from the time the attorney discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matter out of which the claim arose or within six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later (MCL 600.5805, 600.5838[2]; MSA 27A.5805, 27A.5838[2]).

2. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT.

Fraudulent concealment such as will result in the tolling of the running of a statutory period of limitation arises only upon a showing of fraud which is manifested by an affirmative act or misrepresentation (MCL 600.5855; MSA 27.5855).

3. ATTORNEY AND CLIENT — LIMITATION OF ACTIONS — MALPRACTICE.

A plaintiff's claim for damages arising out of his attorney's failure to properly represent him, even where the claim is stated in terms of breach of a contingent fee contract, is an action for malpractice and is controlled by the two-year malpractice statutory period of limitation rather than the six-year contract statutory period of limitation.

*Henry Bernard Clay, III,* for plaintiff.

*Lawrence J. Johnson,* for defendant.

Before: CYNAR, P.J., and GRIBBS and T. GILLES-PIE,* JJ.

CYNAR, P.J. Defendant appeals by leave granted from an order denying his motion for summary disposition. We reverse.

This is a case of legal malpractice. In September or November, 1975, the plaintiff contacted and retained defendant to pursue a lawsuit against plaintiff's employer, the Great Atlantic & Pacific Tea Company, Inc., for alleged employment discrimination and harassment.

The lawsuit was never filed. As a result, on August 14, 1978, plaintiff filed with the Attorney Grievance Committee a request for investigation of defendant's failure to pursue his claim against A & P. Defendant filed an answer to the investigation stating:

> I must frankly admit that on the above date, I was totally unaware (having specialized in personal injury cases all my life), of the enormous complexities and the intricacies involved in the law governing employment discrimination cases. Though ignorant of the situation, I felt that this particular situation sounded in possibly, tort as well as contract, and I began to investigate the matter.

On March 2, 1981, after the conclusion of the committee's investigation, defendant was admonished.

While the grievance investigation was pending, a member of the grievance body advised plaintiff that the statute of limitations might be running on his A & P claim and encouraged plaintiff to retain other counsel.

Plaintiff retained James Cannon, Jr., sometime

* Circuit judge, sitting on the Court of Appeals by assignment.

in September, 1978, as his new attorney to pursue his claims against A & P. The retention of Cannon effectively terminated the attorney-client relationship between plaintiff and defendant. On August 8, 1979, the complaint against A & P was filed. It was dismissed on April 10, 1981, due to the running of the statutory period of limitation.

Subsequently, on April 12, 1984, plaintiff, in propria persona, commenced a malpractice action against defendant. That action was superseded by the present suit, filed on March 7, 1985.

On November 14, 1985, defendant moved for summary disposition of dismissal under MCR 2.116(C)(7), claiming that the instant action was barred by the applicable statute of limitations. Because there was a significant factual dispute regarding allegations that defendant had made certain misrepresentations, the trial court denied defendant's motion. This Court granted defendant leave to appeal on March 12, 1987.

The sole issue for our determination is whether plaintiff's claim against defendant is time-barred. We conclude that it is and thereby reverse the trial court's denial of defendant's motion for summary disposition.

The standard under which we review summary disposition motions pursuant to MCR 2.116(C)(7) is that this Court accepts all of the plaintiff's well-pled factual allegations as true and construes them most favorably to the plaintiff. *Male v Mayotte, Crouse & D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987); *Hansen v Upper Peninsula Power Co,* 144 Mich App 138, 140; 373 NW2d 270 (1985).

The statute of limitations for a malpractice action is set forth in MCL 600.5805; MSA 27A.5805:

(1) A person shall not bring or maintain an

action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

\* \* \*

(4) Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice.

MCL 600.5838; MSA 27A.5838 defines when a claim for professional malpractice accrues. The statute provides:

(1) . . . [A] claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

(2) . . . [A]n action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff discovered or should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred.

The statute requires a plaintiff to bring a claim within two years of when it first accrued or within six months of the discovery of the alleged malpractice. The purpose behind the statute is to suppress

fraudulent or stale claims or claims which are difficult to defend due to the loss of evidence or witnesses after an extended period of time. *Hayden v Green,* 166 Mich App 352; 420 NW2d 201 (1988).

MCL 600.5838(1); MSA 27A.5838(1) indicates that plaintiff's claim of malpractice would have accrued at the time defendant discontinued serving plaintiff in a professional or pseudoprofessional capacity. An attorney discontinues serving, for purposes of the statute, when the attorney is relieved of that obligation either by the client or the court. *Dowker v Peacock,* 152 Mich App 669, 672; 394 NW2d 65 (1986). A plaintiff is required to commence an action within two years from the time the attorney discontinues serving the plaintiff in a professional capacity as to the matters out of which the claim for malpractice arose. *Chapman v Sullivan,* 161 Mich App 558, 563; 411 NW2d 754 (1987).

In this case, there is no dispute that defendant discontinued serving plaintiff in September, 1978, since that is when plaintiff retained attorney Cannon. Therefore, plaintiff had until September, 1980, to file his malpractice claim. Having failed to do so, plaintiff's claim is barred under this particular section of the statute.

Section 5838(2) extends the two-year filing provision by providing that an action may be commenced within six months after the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the asserted malpractice. The plaintiff may take advantage of whichever provision provides the longer period within which to file. *Chapman, supra,* p 563.

We conclude that, even under the discovery rule, plaintiff's malpractice claim is time-barred. We believe that, as early as August 14, 1978, the date

plaintiff requested the Attorney Grievance Committee to investigate defendant's failure to pursue a claim against A & P, plaintiff discovered or should have discovered that defendant had not represented him properly in his claim against A & P. Thus, the statutory period under the discovery rule would have expired on February 14, 1979, and plaintiff's initial complaint of April 12, 1984, would not be saved by the discovery rule.

In addition, even if we were to assume that plaintiff first discovered the malpractice on December 14, 1978, the date of the letter from the grievance committee investigator advising plaintiff of the possible running of the statutory period, or on April 10, 1981, the date when his suit against A & P was dismissed, plaintiff's complaint of April 12, 1984, is too late. Applying any of the foregoing dates to either provision of § 5838 leads us to conclude that plaintiff's malpractice claim against defendant is barred.

Nonetheless, plaintiff alleges that his claim is not barred because defendant fraudulently concealed the fact that plaintiff had a claim against him. We do not agree. MCL 600.5855; MSA 27A.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

This statute is designed to prevent actions which

hinder a plaintiff from discovering the existence of a claim. As the Supreme Court stated in *Weast v Duffie,* 272 Mich 534, 539; 262 NW 401 (1935), quoting 37 CJ, p 976:

> The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action. If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know, pursuant to the rule hereinbefore stated (*i.e.,* by the exercise of ordinary diligence).

Generally speaking, for fraudulent concealment to postpone the running of the limitation period, the fraud must be manifested by an affirmative act or misrepresentation. *Lumber Village, Inc v Siegler,* 135 Mich App 685, 694; 355 NW2d 654 (1984). A mere silence on the part of the defendant is not enough. The plaintiff is required to show some arrangement or contrivance on the part of the defendant, of an affirmative character designed to prevent subsequent discovery. *Draws v Levin,* 332 Mich 447, 452; 52 NW2d 180 (1952).

In this case, there is no support for plaintiff's argument that defendant fraudulently concealed the existence of a claim. Plaintiff asserts that, upon reading an advertisement in the March 12, 1983, edition of the Michigan Chronicle, which stated that defendant's law practice was "strictly limited to the field of negligence," he discovered that defendant fraudulently concealed from him the fact that defendant did not know how to proceed with plaintiff's employment discrimination and harassment claim against A & P. Thus, plaintiff maintains that, pursuant to the statute, his complaint of March 7, 1985, was timely since it

was filed within two years upon discovering the existence of a claim. We disagree. As early as September 29, 1978, plaintiff was aware, through defendant's answer filed in response to the grievance committee's request for investigation, that defendant was "totally unaware" of the enormous complexities and intricacies of employment discrimination law. Thus, plaintiff's claim is barred even under this statute.

Finally, we reject plaintiff's assertion that his claim also includes elements of a breach of contract that are within the six-year statute of limitations for breach of contract actions. MCL 600.5807(8); MSA 27A.5807(8). Plaintiff alleges the existence of a contract between himself and defendant on the basis that he signed a contingent fee contract with defendant. In *Barnard v Dilley,* 134 Mich App 375; 350 NW2d 887 (1984), this Court stated that the type of interest allegedly harmed is the focal point in deciding which limitation period controls. In *Barnard,* the Court rejected plaintiff's breach of contract claim, finding that plaintiff's damages flowed from the attorney's failure to represent her adequately. Similarly in our case, plaintiff's damages are a result of inadequate representation by defendant. Thus, plaintiff's complaint should have been dismissed.

Reversed.