BROWNELL v GARBER

Docket No. 134602. Submitted August 12, 1992, at Detroit. Decided
    May 3, 1993, at 9:20 A.M.

    Donald C. Brownell brought an action in the Wayne Circuit Court
    against Arnold P. Garber, an attorney, alleging legal malprac-
    tice, breach of contract, and fraud arising out of the defen-
    dant's representation of the plaintiff during his divorce. The
    plaintiff alleged that the defendant, despite knowing that he
    desired a division of the marital property that would result in
    equal shares with his wife after tax considerations and despite
    billing for tax advice, research, and conferences with an ac-
    counting firm, recommended a property settlement that ulti-
    mately resulted in an unanticipated tax liability to the plaintiff
    that caused the after-tax division of the property to be unequal.
    The defendant moved for summary disposition on the basis
    that, despite the contract and fraud counts, the plaintiff's
    action sounded solely in malpractice and that the claim was
    barred by the statute of limitations, because the plaintiff's
    action was brought more than two years after the last service
    was rendered and more than six months after the discovery of
    the alleged malpractice. The court, Harry J. Dingeman, Jr., J.,
    granted summary disposition for the defendant, holding that
    the plaintiff's complaint alleged only legal malpractice, that in
    the absence of an affirmative act of concealment there could be
    no fraudulent concealment that would bring into effect the
    special two-year period of limitation running from the date the
    cause of action is discovered or should have been discovered,
    and, accordigly, that the malpractice action was barred by the
    statute of limitations. The plaintiff appealed.

    The Court of Appeals *held:*

    1. Because the plaintiff did not specifically allege that the
    defendant guaranteed a particular result, the contract count
    alleged nothing more than a breach of the defendant's duty to
    exercise appropriate legal skill. The trial court did not err in

REFERENCES

Am Jur 2d, Attorneys at Law §§ 215, 217, 220, 221.
What statute of limitations governs damage action against attorney
    for malpractice. 2 ALR 4th 284.

concluding that the contract count should be considered duplicative of the malpractice count and subject to the statute of limitations applicable to malpractice actions.

2. The plaintiff's allegation that the defendant had claimed that he had researched the tax question and had consulted tax experts, when in fact he had done neither, is sufficient to establish the fraudulent concealment necessary to bring into effect the special two-year period of limitation of MCL 600.5855; MSA 27A.5855 that runs from the date the cause of action is discovered or should have been discovered. Because the plaintiff's allegations must be accepted as true in the absence of any challenge to the factual sufficiency, the trial court erred in granting summary disposition for the defendant. On remand, if the proffered proofs establish that the defendant fraudulently billed the plaintiff for services not rendered and represented that those services had been rendered, then there was fraudulent concealment of the malpractice and the plaintiff's commencement of the malpractice action was timely. If the proffered proofs demonstrate that the defendant did, in fact, research the tax question and did consult with the accounting firm, then there was no fraudulent concealment and the malpractice action was barred by the statute of limitation.

3. An action for fraud can be brought against an attorney where a material misrepresentation is made by the attorney to a client with knowledge of its falsity or recklessly without knowledge of its truth and with the intent that the client rely and act upon the misrepresentation and the client acts in reliance on the misrepresentation and suffers injury. Because the plaintiff's pleadings alleged facts in support of each of the elements of an action for fraud, the trial court erred in dismissing the fraud count.

Affirmed in part, reversed in part, and remanded.

GRIBBS, J., dissenting, stated that the decision of the trial court should be affirmed because the plaintiff's pleading set forth only a claim of legal malpractice and the statutory limitation periods had run by the time the plaintiff filed his complaint.

1. LIMITATION OF ACTIONS — LEGAL MALPRACTICE — CONTRACTS.

Any action that seeks to recover damages for the failure of an attorney to render competent advice, no matter how it is denominated, sounds in malpractice rather than in contract and is subject to the statute of limitations for malpractice, unless the attorney had specifically guaranteed a particular result.

2. LIMITATION OF ACTIONS — LEGAL MALPRACTICE — FRAUDULENT
    CONCEALMENT.

   An attorney who bills a client for services not rendered and
   represents to the client that such services have been rendered
   may be found to have fraudulently concealed from the client a
   cause of action for the attorney's malpractice such as will bring
   into effect the special two-year period of limitation that runs
   from the date the cause of action is discovered or should have
   been discovered (MCL 600.5855; MSA 27A.5855).

3. FRAUD — ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

   An action for fraud may be brought against an attorney indepen-
   dent of any action for malpractice where the attorney makes a
   material misrepresentation to the client knowing it to be false
   or with reckless disregard of the truth with the intent that the
   client act on the basis of the misrepresentation and the client
   acts in reliance on the misrepresentation and thereby suffers
   injury.

*Maurer & Kalls* (by *Kenneth W. Kalls*), for the plaintiff.

*Law Offices of Sullivan and Leavitt, P.C.* (by *Martin J. Leavitt* and *Paul E. Robinson*), for the defendant.

Before: NEFF, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. This is a legal malpractice and fraud case. Plaintiff appeals as of right from the trial court's October 12, 1990, opinion and order granting defendant's motion for summary disposition on the ground that the period of limitation had run. We affirm in part and reverse in part.

Plaintiff initiated divorce proceedings in 1984. When his counsel moved out of state in mid-1984, plaintiff retained defendant to prosecute the divorce action and, plaintiff alleges, render tax advice. According to plaintiff, he agreed to the property settlement negotiated by defendant because of defendant's "assurances" that "the agreed-to divi-

sion of property represented an after-tax '50-50'
split of the property of the parties." Plaintiff fur-
ther alleges:

> As part of Defendant's representation of Plain-
> tiff during those divorce proceedings, Defendant
> billed Plaintiff $5,500.00 for tax advice, research
> and conferences with Plante & Moran, a C.P.A.
> firm.

Plaintiff claims that defendant incorrectly ad-
vised him regarding the tax consequences of tak-
ing title pursuant to the property settlement of
certain realty by purchasing his wife's interest.
Plaintiff alleges:

> 21. Defendant Garber failed to advise Plaintiff
> that cash payments made to Mrs. Brownell to buy
> out her share of that asset would not adjust Plain-
> tiff Brownell's basis in that realty upwards, nor
> did he advise that such payments could not be
> used to reduce his capital gains income tax liabil-
> ity upon any future sale of that realty.
> 22. In 1988, Plaintiff sold that realty in St. Clair.
> In connection with preparation of his 1988 income
> tax return in early April, 1989, Plaintiff was ad-
> vised by his accountant that the funds paid to Mrs.
> Brownell would not serve to increase his basis in
> the property, and that his income tax liability
> would thus be some $23,000.00 higher than ex-
> pected.

The complaint seeks damages in three counts:
malpractice, breach of contract, and fraud. Plain-
tiff seeks $38,783 in damages, itemized as follows:

> a) $5,500.00 in apparently unnecessary tax-re-
> lated fees;
> b) $23,500.00 in additional tax liabilities; and
> c) $9781.00 in legal fees for nonexistent or inade-
> quate legal representation.

The divorce judgment was entered in February 1986 and amended in April and June, 1986. It is undisputed that defendant did not represent plaintiff after June 1986. As noted, plaintiff claims he first learned of the tax consequences of the property settlement in April 1989. This action was commenced on November 13, 1989.

The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) on the ground that the period of limitation had run. On appeal, plaintiff argues that the trial court ignored his claims for fraud and breach of contract and disregarded his argument that defendant fraudulently concealed the cause of action, thus making it subject to the special two-year period of limitation running from the date the cause of action is discovered or should have been discovered.

Generally, a legal malpractice action must be brought within two years of the date the attorney discontinues serving the plaintiff or within six months after the plaintiff discovers or should have discovered the claim, whichever is later. MCL 600.5805(4); MSA 27A.5805(4); MSA 600.5838(2); MSA 27A.5838(2); *Seebacher v Fitzgerald, Hodgman, Cawthorne & King, PC,* 181 Mich App 642, 646; 449 NW2d 673 (1989). However, the fraudulent concealment of the existence of a cause of action makes the bringing of the action subject to the special two-year period of limitation of MCL 600.5855; MSA 27A.5855, which provides:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is

entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

In his brief on appeal, plaintiff asserts that his complaint was filed seven months after his discovery of defendant's alleged fraudulent concealment. Plaintiff "concedes that his Complaint was filed more than two years after [defendant] last performed legal services for [plaintiff] and more than six months after [plaintiff] learned of his additional tax liability. However, [plaintiff's] Complaint herein was filed within two years of his discovery of the added tax burden." It is plaintiff's contention that MCL 600.5855; MSA 27A.5855 saves his malpractice claim.

I

The trial court ruled that plaintiff's allegations sounded in malpractice and, on the authority of *Barnard v Dilley,* 134 Mich App 375; 350 NW2d 887 (1984), applied the statute of limitations applicable to claims of malpractice, instead of the statute applicable to claims of breach of contract. Defendant argues on appeal, as he did below, that he had a "special contract" of the type referred to in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). In that case, the defendant, a doctor, expressly agreed to perform a Caesarean section and then failed to do so, with the result that plaintiff's vaginal delivery produced a stillborn child. The Court noted that a malpractice action is predicated upon the failure to exercise the requisite skill, whereas a contract action is based upon the professional's failure to perform " 'a special agreement.' " *Id.* at 468.

Authority does exist for holding an attorney liable under a contract theory. In *Bessman v Weiss,* 11 Mich App 528, 531; 161 NW2d 599 (1968), cert den 396 US 1008 (1970), this Court quoted a discussion of a "special contract" in the legal setting from *Babbitt v Bumpus,* 73 Mich 331, 337-338; 41 NW 417 (1889):

> A lawyer is not an insurer of the result in a case in which he is employed, unless he makes a special contract to that effect, and for that purpose. Neither is there any implied contract, when he is employed in a case, or any matter of legal business, that he will bring to bear learning, skill, or ability beyond that of the average of his profession. Nor can more than ordinary care and diligence be required of him, without a special contract is made requiring it.

A close reading of plaintiff's allegations in this case discloses no agreement by defendant that his services would be above the level required by the standard of care. Plaintiff argues that he informed defendant that he wanted defendant to negotiate a property settlement that would result in a 50/50 split after tax considerations. However, the fact that defendant undertook to represent plaintiff after the announcement of this objective does not constitute a warranty that the objective would be achieved. In other words, plaintiff has not alleged that defendant guaranteed a certain result. Rather, it appears from the allegations that the "contractual" duties allegedly breached by defendant are indistinguishable from the duty to render legal services in accordance with the applicable standard of care.

The following allegations are set forth in count II of plaintiff's complaint:

27. Plaintiff contracted with Defendant to have Defendant advise him, and represent him in connection with Plaintiff's then pending divorce action, for which Plaintiff agreed to pay Defendant at the rate of $125/hr.

28. Defendant agreed and contracted to represent Plaintiff's position and to follow Plaintiff's lawful instructions in the divorce litigation.

29. Defendant breached said contract by utterly failing to properly advise Plaintiff as to tax consequences of the proposed division of the marital estate, despite billing Plaintiff $5,500 for tax-related services.

In plaintiff's brief on appeal the contract is described as "a special agreement to render tax advice, and not just a general retention of [defendant] for representation in a divorce dispute." Elsewhere, plaintiff states that "what was specifically promised" was that defendant would "render competent tax advice."

The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Barnard, supra* at 378. Plaintiff's contract with defendant for legal services was "one to exercise appropriate legal skill in providing representation." *Id.;* see also *Aldred v O'Hara-Bruce,* 184 Mich App 488; 458 NW2d 671 (1990), and *Seebacher, supra* at 646 (advice concerning the most favorable tax treatment of pension funds). The trial court did not err in concluding that plaintiff's attempts to plead a contract action should be considered duplicative of the malpractice claim.

II

Plaintiff next argues that the trial court erroneously dismissed his malpractice claim on the basis that it was barred by the statute of limitations.

We agree. Although summary disposition on this ground may eventually succeed, it was premature when granted.

The trial court rejected plaintiff's claim that the action was subject to the special period of limitation of the fraudulent concealment statute, MCL 600.5855; MSA 27A.5855. Citing *Seebacher, supra,* and *Stroud v Ward,* 169 Mich App 1; 425 NW2d 490 (1988), the trial court ruled that "[i]n order for fraudulent concealment to postpone the running of a limitations period, the fraud must be manifested by some affirmative act or misrepresentation; mere silence on the part of the defendant is not enough." The court then concluded that "plaintiff has not shown that defendant did anything to affirmatively conceal the discovery of the alleged wrongdoing."

We agree with plaintiff that the trial court overlooked an exception to the "affirmative act" rule. As this Court explained in *Lumber Village, Inc v Siegler,* 135 Mich App 685, 694-695; 355 NW2d 654 (1984):

> As a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. An exception to this rule is that there is an affirmative duty to disclose where the parties are in a fiduciary relationship. [Citations omitted.]

See also *Carr v Wittingen,* 182 Mich App 275, 281; 451 NW2d 584 (1990), rev'd in part 435 Mich 856 (1990); *Bradley v Gleason Works,* 175 Mich App 459, 462-464; 438 NW2d 330 (1989); *Eschenbacher v Hier,* 363 Mich 676, 680; 110 NW2d 731 (1961) (lamenting the fact that then-recent fraudulent concealment cases drew "no distinction . . . between those who deal with one another at arm's

length and those whose relationship is confidential or fiduciary"; also suggesting that a higher standard than the arm's-length standard should be applied to doctors); *McNaughton v Rockford State Bank,* 261 Mich 265, 268; 246 NW 84 (1933) ("regard must be had for the distinction between actions based on fraud or breach of trust . . . and those where such misconduct does not taint the cause of action. As to the latter, mere silence on the part of the defendant is not fraudulent concealment of the cause of action.")

There can be no doubt that an attorney owes fiduciary duties to a client. See, e.g., *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC,* 107 Mich App 509, 515; 309 NW2d 645 (1981).

The legal malpractice cases cited by the trial court, *Seebacher* and *Stroud,* simply recite the rule that fraudulent concealment must consist of affirmative acts. These cases do not take note of the fiduciary relationship exception, and, to the extent they can be read to say that no such exception exists, they were wrongly decided. With respect to *Stroud* the failure to mention this exception is understandable in light of the fact that such exception was not dispositive in that case. In *Stroud,* this Court concluded that the suit was untimely because it was not filed until March 1985, even though the plaintiff knew of the existence of the claim in September 1978.

In *Seebacher,* it appears that the defendants simply rendered erroneous tax advice. There was no allegation that they failed to research the tax consequences or that they either failed to disclose that they had not done so or represented that they had done so. In other words, there is no allegation that the defendants in *Seebacher* were themselves aware of the existence of a cause of action. No fraudulent concealment can be said to occur where

an attorney is unaware of his malpractice. It would be illogical to hold that attorneys who fail to appreciate that they have breached the standard of care have a duty to disclose such a breach notwithstanding their ignorance thereof. See 2 Mallen & Smith, Legal Malpractice (3d ed), § 18.13, p 126.

In any event, in this case, plaintiff alleges more than mere silence. In deciding a motion for summary disposition under MCR 2.116(C)(7), a court must accept all the plaintiff's well-pleaded allegations as true and construe them most favorably to the plaintiff. *Wade v Dep't of Corrections,* 439 Mich 158, 162-163; 483 NW2d 26 (1992).

In determining what period of limitation is applicable, we must recognize that there are three possible situations under which an action of legal malpractice may arise:

1. The case in which the malpractice is not fraudulently concealed and is apparent at the time it is committed. In such a case, the two-year period begins to run when the act of malpractice occurs. MCL 600.5805(4); MSA 27A.5805(4).

2. The case in which the act of malpractice is not fraudulently concealed, but the fact that the act constitutes malpractice is not apparent at the time it occurs. In such a case, if the two-year malpractice period of limitation has already run, the plaintiff has six months from the date the claim is discovered or should have been discovered within which to bring an action. MCL 600.5838(2); MSA 27A.5838(2).

3. The case in which an act of malpractice *is* fraudulently concealed. Under MCL 600.5855; MSA 27A.5855, the plaintiff has two years from the date the claim is discovered or should have been discovered within which to bring an action.

Accordingly, we must determine what type of

case is being alleged here. To the extent that plaintiff's complaint alleges that defendant researched the tax question but, for reasons unknown, concealed the true results of his research and consultation from plaintiff, plaintiff's claim of legal malpractice is time-barred because it falls into one of the first two situations.

However, plaintiff, in raising a separate cause of action for fraud, pleads a bar to the defense that the period of limitation had run with respect to his legal malpractice claim. On this fraudulent concealment theory, plaintiff's allegations may be read to say that defendant failed to do *any* tax research, while representing to plaintiff that he researched the question carefully, consulted with "income tax experts," and came to the conclusion that the property settlement would effectuate a 50/50 split after tax considerations. Specifically, the allegations of fraud are made in count III of plaintiff's complaint:

> 34. Defendant represented to Plaintiff not only that the proposed Judgment of Divorce provided for a "50-50" after-tax split of the spousal assets, but that such a conclusion was arrived at by Defendant only after hours of tax research and consultation with income tax experts.
>
> 37. The aforesaid representations by Defendant were false when made.

In addition, plaintiff alleges that defendant made similar representations by sending a bill that included itemizations for tax research and conferences with an accounting firm. Plaintiff's complaint must be read as alleging that no consultation with the accounting firm in fact took place. To the extent that plaintiff's complaint alleges an act of malpractice that was fraudulently concealed, plaintiff's legal malpractice claim is not

time-barred because it falls within the third situation outlined above.

Therefore, if plaintiff can prove that defendant fraudulently billed plaintiff for services not rendered and represented that the services were rendered, then a jury could conclude that such action was intended to fraudulently conceal plaintiff's cause of action for defendant's malpractice in failing to research the tax aspects of the divorce judgment and in failing to consult with tax experts while claiming to have done so. If, however, the proofs demonstrate that defendant did in fact research the question and consult with the accounting firm, but negligently rendered inaccurate advice, no fraudulent concealment within the meaning of MCL 600.5855; MSA 27A.5855 exists, and the claim is barred by MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838(2); MSA 27A.5838(2) because plaintiff did not file his complaint within six months of discovery of the alleged malpractice. The essential point is that in order to be within the statutory period of limitation plaintiff must prove that defendant fraudulently concealed the existence of the cause of action by failing to disclose that he had either failed to research the tax questions or failed to consult with the accounting firm, thereby intentionally misleading plaintiff into accepting the divorce settlement. In the absence of fraudulent concealment, the complaint for malpractice does not survive. Thus, the continued viability of plaintiff's legal malpractice claim rises or falls on whether there was fraudulent concealment.

Because we are required to accept all well-pleaded allegations as true and to construe the allegations most favorably toward plaintiff, and because defendant has not challenged the factual sufficiency of plaintiff's claims regarding fraudu-

lent concealment, we are required to reverse the trial court's order dismissing the malpractice claim.

III

Plaintiff next argues that the trial court erred in dismissing the fraud claim or in treating it as merely a restatement of plaintiff's malpractice claim and applying the malpractice limitation period. We agree.

The trial court cited *Barnard, supra,* in support of its conclusion that "the breach of contract and fraud claims stated are for legal malpractice only and for reasons discussed above are barred by the statute of limitations." In *Barnard,* this Court held that where a client characterizes a claim against an attorney as a negligence claim and the duty element of the negligence claim is supplied by the existence of an attorney-client relationship, "the tort claim is one for malpractice and malpractice only." *Barnard, supra* at 378-379.

*Barnard* did not address a fraud claim. However, as noted, *Barnard* stated that "[t]he type of interest allegedly harmed is the focal point in determining which limitation period controls." *Id.* at 378. Applying this test, we conclude that the interest involved in a claim for damages arising out of a fraudulent misrepresentation differs from the interest involved in a case alleging that a professional breached the applicable standard of care. Simply put, fraud is distinct from malpractice. See 1 Mallen & Smith, *supra,* § 8.8, p 421.

Fraud is no less actionable because it is committed by an attorney with whom the plaintiff has an attorney-client relationship. *Id.* If a client attempts to characterize a malpractice claim as a fraud or other type of claim, a court will look through the

labels placed on the claim and will make its determination on the basis of the substance and not the form. However, when a complaint alleges not only malpractice but also all the necessary elements of fraud, the statute of limitations governing fraud actions will apply to the fraud count and, if such count is not barred, the plaintiff may proceed on that court to collect damages proximately caused by the alleged fraud. See *Central Trust Co v Goldman,* 70 AD2d 767; 417 NYS2d 359 (1979), app dis 47 NY2d 1008 (1979). An attorney's advice or opinion, if knowingly false, may constitute fraud. 1 Mallen & Smith, *supra,* pp 421-422.

The elements of a cause of action for fraud are:

> "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." [*Scott v Harper Recreation, Inc,* 192 Mich App 137, 144; 480 NW2d 270 (1991).]

Plaintiff has alleged facts supporting all the foregoing elements. In essence, plaintiff contends that defendant: (a) knew that the property settlement would have adverse tax consequences at the time he recommended it while representing otherwise, or (b) never looked into the tax aspects of the property settlement notwithstanding explicit representations to the contrary and implied representations—in the form of billings—leading plaintiff to believe that the tax consequences were either

researched or based upon allegedly nonexistent consultations with an accounting firm. Plaintiff alleges that he relied on the foregoing representations in agreeing to the divorce judgment. Injury has also been alleged.

Defendant argues that there is no factual support for plaintiff's claims. That question is not before us. Defendant's motion was brought solely under MCR 2.116(C)(7) (statute of limitations), and the trial court was thus required to accept all well-pleaded allegations as true. *Wade, supra.* Nothing in this opinion precludes defendant from testing the factual support of plaintiff's allegations of fraudulent concealment of the malpractice or of his fraud count in a motion for summary disposition under both MCR 2.116(C)(7) *and* (C)(10). Summary disposition of the fraud and malpractice claims may yet be appropriate if plaintiff cannot plead facts that raise a genuine issue of material fact with respect to the allegations in his fraud count and to his malpractice claim that is subject to the special statute of limitations applicable where there has been fraudulent concealment of a cause of action.

Contrary to the dissenting opinion, this case does not stand for the proposition that "every attorney who commits a legal error . . . and who bills his client for such services, will also be liable for fraudulent concealment." For emphasis we wish to stress that if all plaintiff can prove is that defendant's research was inadequate or that after consulting with the accounting firm defendant rendered bad advice, this claim would be barred by the statute of limitations. If defendant can show that he did not rely on his general knowledge of tax law but conducted at least some research and that he did consult with the accounting firm, plaintiff's claim does not survive. This is because

plaintiff has alleged that defendant made specific
representations about having researched the tax
questions and about consulting with accountants
and that such fraudulent representations induced
him to accept the settlement. This opinion should
not be read to hold that the mere failure to do
research or engage in consultations tolls or ex-
tends the period of limitation.

Affirmed in part and reversed in part. Re-
manded for further proceedings. We do not retain
jurisdiction.

NEFF, P.J., concurred.

GRIBBS, J. *(dissenting).* I dissent from that part
of the majority opinion that reverses the decision
of the trial court. The instant case is virtually
identical to *Seebacher v Fitzgerald, Hodgman,
Cawthorne & King PC,* 181 Mich App 642; 449
NW2d 673 (1989). In both *Seebacher* and the in-
stant case, an attorney was retained to provide
general legal representation with an emphasis on
tax advice. In each case, the plaintiff clearly failed
to file his complaint before the period of the appli-
cable statute of limitations for legal malpractice
had run. In each case the plaintiff sought to cir-
cumvent the statute of limitations by alleging that
the defendant failed to notify the plaintiff of the
possible grounds for malpractice, thus, fraudu-
lently concealing the claim of malpractice and
justifying the application of the special limitation
period of MCL 600.5855; MSA 27A.5855. Further-
more, in each case, the plaintiff alleged that there
existed a special arrangement, over and above the
general retention for legal services, to provide
special services for tax advice.

In *Seebacher,* this Court held that it is the type
of interest harmed, rather than the label given the

claim, that determines what limitation period controls. This Court concluded that the statute of limitations for legal malpractice applies to a legal malpractice action even when the action is denominated as one for breach of a contract to render competent legal services. In affirming the dismissal of the claims, this Court in *Seebacher, supra,* p 648, also held that "[i]n order to exist, the fraud must be manifested by some affirmative act or misrepresentation. Mere silence of the defendant is not enough."

If this Court accepts the position advocated by plaintiff, every attorney who commits a legal error, which may later be deemed malpractice, and who bills his client for such services, will also have to defend against claims of fraudulent concealment and common-law fraud, unless the attorney immediately discloses the possibility that legal malpractice occurred.

I agree with the trial court that all three counts in this case sound in legal malpractice. Plaintiff failed to plead fraud with the requisite specificity, and I would decline to give him another opportunity to pursue the matter.

I would affirm the decision of the trial court.