*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON D. JONES,

Plaintiff-Appellant,

v

KREIS ENDERLE HUDGINS & BORSOS, PC,
and MICHAEL J. TOTH,

Defendants-Appellees.

UNPUBLISHED
December 22, 2020

No. 348378
Wayne Circuit Court
LC No. 18-011649-NM

Before: CAVANAGH, P.J., and JANSEN and SHAPIRO, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusion that the trial court properly dismissed plaintiff's legal malpractice claim as untimely. However, I cannot agree that plaintiff's breach of contract and tort claims are distinct from, or involve a harm that is not subsumed by, her legal malpractice claim. I would affirm the trial court's dismissal of plaintiff's complaint in full, and on that basis, I respectfully dissent.

As an initial matter, I would note that plaintiff's brief on appeal violates MCR 7.212(C)(6), MCR 7.212(C)(7), and MCR 7.210(A). Plaintiff's factual assertions are devoid of record citations, and her legal arguments are unsupported by statutes or caselaw. Additionally, in her reply brief, plaintiff attaches exhibits that are not included in the lower court record; these exhibits thus cannot be considered by this Court. It is insufficient for an appellant to "simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his [or her] claims, or unravel and elaborate for him [or her] his [or her] arguments, and then search for authority either to sustain or reject his [or her] position." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 518 NW2d 861 (2016) (quotation marks and citations omitted). Where plaintiff's failure to properly address any "assertion of error constitutes abandonment of the issue," I would have concluded plaintiff is not entitled to relief on appeal. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 517; 892 NW2d 467 (2016).

Regardless, the majority does address plaintiff's claims on appeal, and concludes that the trial court's dismissal of plaintiff's legal malpractice claim as timely was proper, with which I

-1-

agree. The majority also concludes that a remand is necessary in this case for the trial court to determine whether plaintiff's breach-of-contract claim and tort claims constitute distinct causes of action separate from plaintiff's legal malpractice claim, and whether plaintiff properly effectuated service on defendants, two conclusions with which I do not agree.

The majority correctly articulates that "claims against attorneys brought on the basis of inadequate representation sound in tort and are governed by the malpractice statute of limitations," *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990), and that to be held liable under a separate breach-of-contract theory, plaintiff must allege that the attorney breached a "special agreement" to perform an act. *Brownell v Garber*, 199 Mich App 519, 524-526; 503 NW2d 81 (1993); *Barnard v Dilley*, 134 Mich App 375, 378; 350 NW2d 887 (1984). However, I would conclude that plaintiff's "allegations in this case disclose[ ] no agreement by defendant[s] that [their] services would be above the level required by the standard of care." *Brownell*, 199 Mich App at 525.

Plaintiff alleged that she had retained defendants to represent her in her divorce, and as part of that representation, attempt to have the divorce action transferred from Barry County to Wayne County. The announcement of plaintiff's objective to have the case transferred to Wayne County, however, "does not constitute a warranty that the objective would be achieved. In other words, plaintiff has not alleged that defendant[s] guaranteed a certain result[,]" *Brownell*, 199 at 525, or that there was any "special agreement." Any contractual duties allegedly breached by defendants "are indistinguishable from the duty to render legal services in accordance with the applicable standard of care." *Id*. Thus, the two-year statute of limitations for legal malpractice, in my view, applies to plaintiff's breach of contract claim and precludes plaintiff's ability to maintain a separate cause of action for breach of contract.

Moreover, I do not believe that any of the other negligent or intentional conduct alleged by plaintiff is sufficient to establish causes of action distinct from her legal malpractice claim. Thus, I would not conclude that a remand is necessary for the trial court to further examine and address these allegations in order to determine whether any may establish a separate cause of action. Finally, having determined that plaintiff's legal malpractice claim was not timely, I would conclude any further consideration of whether defendants were properly served is unnecessary.

As the divorce action progressed in Barry County, and defendants made no effort to transfer venue, as anticipated by plaintiff on the basis of their engagement agreement, or defendants otherwise acted outside the scope of the parties' agreement, plaintiff, who is an attorney herself and therefore not an unsophisticated party, could have sought new legal counsel. Instead, plaintiff chose to retain defendants as counsel through trial, at which point plaintiff would have known it was too late to transfer venue. Now, unhappy with the outcome of her divorce, plaintiff attempts to recover from defendants. However, her legal malpractice claim was untimely, and all of the allegations contained in her complaint arise from the same applicable standard of care that in my view, cannot be distinguished from her legal malpractice claim. Thus, I would affirm.

/s/ Kathleen Jansen

-2-