PENNER v SEAWAY HOSPITAL

Docket No. 99746. Submitted April 20, 1988, at Detroit. Decided June
    21, 1988.

> Ethel Penner, special administratrix of the estate of Ira A.
> Penner, deceased, filed a wrongful death action against Seaway
> Hospital, a division of the Peoples Community Hospital Author-
> ity, and Dr. John W. Hillyer, M.D., in Wayne Circuit Court
> alleging malpractice in the diagnosing and treating of the
> decedent's cardiovascular disease. Accelerated judgment was
> granted in favor of defendants, the court finding that the two-
> year malpractice statute of limitations governed, the causes of
> action accrued on the dates the decedent was treated by each
> defendant, and more than two years had lapsed between the
> treatment of the decedent and the filing of the action against
> defendants. On appeal, the Court of Appeals reversed and
> remanded, finding that the action had been brought in a timely
> fashion, 102 Mich App 697 (1981). Seaway Hospital then moved
> for summary disposition asserting that the Supreme Court had
> recently held that a public general hospital or medical facility
> is entitled to immunity from tort liability for diagnosis, treat-
> ment, and care of patients where those activities are expressly
> or impliedly mandated or authorized by constitution, statute, or
> other law and that it was entitled to such immunity for its
> treatment of the decedent. The court, Paul S. Teranes, J.,
> granted plaintiff leave to amend her complaint to allege a
> breach of contract cause of action and, on November 7, 1986,
> granted partial summary judgment in favor of Seaway Hospital
> as to the allegations of tort liability in plaintiff's amended
> complaint. On November 26, 1986, Chief Judge Richard C.

REFERENCES

Am Jur 2d, Contracts §§ 3, 4.
Am Jur 2d, Hospitals and Asylums § 14.
Am Jur 2d, Motions, Rules, and Orders §§ 22-26.
Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 174 *et seq.*
Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*
Am Jur 2d, Summary Judgment §§ 26 *et seq.*
State's immunity from tort liability as dependent on governmental
    or proprietary nature of function. 40 ALR2d 927.

Kaufman issued a docket directive stating that all tort claim cases filed before July 1, 1986, in which the Peoples Community Hospital Authority was a defendant were to be reassigned to him for the sole purpose of deciding all motions brought by the hospital claiming governmental immunity and hearing any proceedings incident to such claim. Although Judge Teranes had already granted in its favor partial summary disposition on the tort claim, Seaway filed a motion for summary disposition before Chief Judge Kaufman as to plaintiff's contract claim. Summary disposition was granted, Richard C. Kaufman, J. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's allegations of breach of contract are an attempt to disguise a tort action sounding in malpractice into a contract action so as to avoid governmental immunity. Plaintiff has not established a contract cause of action.

2. There cannot be an implied contract in this case since Seaway had a preexisting statutory duty to provide decedent with medical health services.

3. Plaintiff's contract claim fails because there was no writing as required by statute. The "Authorization For Treatment" form signed by the decedent upon his admission to the hospital does not constitute a contract.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATE-
   RIAL FACT — COURT RULES.

   A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim; in ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence and give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact; summary disposition is proper under this subrule only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency that cannot be overcome (MCR 2.116[C][10], 2.116[G][5]).

2. GOVERNMENTAL IMMUNITY — TORTS — OTHER CAUSES OF ACTION.

   The governmental immunity act grants immunity only from tort liability; if a plaintiff successfully pleads and establishes a nontort cause of action, the act will not bar recovery simply because the underlying facts could have also established a tort cause of action (MCL 691.1407; MSA 3.996[107]).

3. Hospitals — Authorization for Treatment Forms — Contracts
— Special Agreements.

    An "Authorization For Treatment" form signed by an individual
upon admission to a hospital which merely authorizes the
hospital and its doctors to render appropriate medical care does
not constitute a contract or a special agreement upon which an
action in contract may be based.

4. Pleading — Implied Contracts — Preexisting Duty.

    A plaintiff fails to state a claim based on an implied contract
theory where he does not plead facts sufficient to satisfy the
elements of mutual assent and consideration; where there is a
preexisting statutory duty to perform some action there can be
no consideration for an implied contract and, therefore, no
contract.

*Levine, Benjamin, Tushman, Bratt, Jerris &
Stein, P.C.* (by *Alvin L. Levine*), for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R.
Day*), for defendant.

Before: Cynar, P.J., and Gribbs and T. Gilles-
pie,* JJ.

Per Curiam. Plaintiff appeals as of right from
an order granting summary disposition in favor of
defendant.

Plaintiff commenced this wrongful death action
on July 12, 1979, alleging malpractice against
defendant hospital and a Dr. John W. Hillyer,
M.D. Defendant hospital moved for accelerated
judgment pursuant to GCR 1963, 116.1(5) contend-
ing that the action was barred by the statute of
limitations for malpractice actions, MCL
600.5805(4); MSA 27A.5805(4). The trial court
granted the motion in an opinion dated January
15, 1980. Accelerated judgment was entered on
behalf of Dr. Hillyer on the same grounds on April
9, 1980. The trial court had found that the two-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

year malpractice statute of limitations governed and that the causes of action accrued on the dates decedent was treated by each defendant. Plaintiff appealed the grant of accelerated judgment in favor of the hospital and Dr. Hillyer. In a published authored opinion, this Court reversed the grant of accelerated judgment, finding that the action was brought in a timely fashion. *Penner v Seaway Hospital,* 102 Mich App 697; 302 NW2d 285 (1981), lv den 417 Mich 974 (1983).

The facts are not in material dispute. In her first amended complaint, plaintiff alleged that, for some time prior to July 26, 1976, decedent, Ira A. Penner, had been under the care and treatment of Dr. Hillyer for chest pains, headaches, shortness of breath, tiredness, and high blood pressure. On July 27, 1976, while at the hospital for purposes of admitting his wife, decedent experienced pain in his chest necessitating his hospitalization at Seaway.

Upon his admission, the decedent signed an "Authorization For Treatment" form. Plaintiff alleged that this form was an agreement whereby Seaway agreed to diagnose and treat the decedent. Plaintiff further alleged that defendant breached the alleged agreement by failing to properly diagnose the decedent's ailments and render appropriate medical care.

On August 10, 1976, the decedent was discharged from Seaway and transferred to the University of Michigan Hospital in Ann Arbor, Michigan. On May 26, 1978, Mr. Penner died.

Following this Court's 1981 opinion reversing the grant of accelerated judgment, on October 23, 1986, defendant filed a motion for summary disposition based on the Supreme Court decision in *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), and its companion

cases. Plaintiff answered defendant's motion and filed a motion for leave to file an amended complaint so as to allege a breach of contract cause of action.

On November 14, 1986, Judge Paul S. Teranes granted plaintiff's motion for leave to amend the complaint. In addition, the trial judge granted partial summary disposition as to the allegations of tort liability contained in plaintiff's amended complaint, but allowed the allegations regarding a breach of contract claim to stand.

On November 16, 1986, Wayne Circuit Court Chief Judge Richard C. Kaufman issued Docket Directive 1986-13 which provides:

> Subject: Governmental Immunity—Public Hospital Cases
> Effective Date: November 26, 1986
> Effective immediately, all tort claim cases filed before July 1, 1986 in which a Defendant is Wayne County General Hospital or Peoples Community Hospital Authority (PCHA) are to be reassigned to Chief Judge Richard C. Kaufman.
> The reassignment is for the sole purpose of deciding all motions brought by the hospital claiming governmental immunity and hearing any proceedings incident to such a claim. After completion of this purpose, each case shall be returned to the regularly assigned judge.

Subsequently, on February 2, 1987, defendant filed a motion for summary disposition before Chief Judge Kaufman as to plaintiff's contract claim. Oral arguments were heard on March 10, 1987. On March 17, 1987, Judge Kaufman granted defendant's motion. Plaintiff filed the instant appeal.

Plaintiff alleges that the lower court erred in dismissing plaintiff's contract claim where there

was evidence that defendant allegedly failed to perform a special agreement giving rise to a contract cause of action. In plaintiff's brief, it is alleged that the court dismissed plaintiff's contract claim on the pleadings, MCR 2.116(C)(8). However, our review of the motion transcript reveals that the motion was granted pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). Thus, we will review the grant of summary disposition on the basis of whether there is a genuine issue of material fact. A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). In ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence, MCR 2.116(G)(5), and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). Summary disposition is proper under this subrule only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency that cannot be overcome. *St Paul Fire & Marine, supra.*

In *Ross v Consumers Power Co (On Reh),* 420 Mich 567, 647-648; 363 NW2d 641 (1984), the Supreme Court stated in one of the companion cases *(Rocco v Dep't of Mental Health)* that "[i]f a plaintiff successfully pleads and establishes a non-tort cause of action, MCL 691.1407; MSA 3.996(107) will not bar recovery simply because the underlying facts could have also established a tort cause of action." In *Rocco,* the Supreme Court reversed the trial court's grant of summary judgment under GCR 1963, 117.2(1), now MCR

2.116(C)(8). The Court upheld the contract claim, finding that the plaintiff's complaint was sufficient to withstand the motion since the allegations pled the existence of a contract. However, the Supreme Court did point out that these allegations did not necessarily mean that the claim could be factually supported. *Id.,* p 647.

Plaintiff alleges the existence of a "special agreement" between the plaintiff's decedent and the hospital giving rise to a contract claim as described in *Stewart v Rudner,* 349 Mich 459, 467-468; 84 NW2d 816 (1957):

> A doctor and his patient, of course, have the same general liberty to contract with respect to their relationship as other parties entering into consensual relationship with one another, and a breach thereof will give rise to a cause of action. It is proper to note, with respect to the contracts of physicians, that certain qualitative differences should be observed, since the doctor's therapeutic reassurance that his patient will be all right, not to worry, must not be converted into a binding promise by the disappointed or quarrelsome. Those qualifications we have in mind as we proceed.

> It should be noted, also, early in our discussion, as the appellate division of the New York courts observed in *Colvin v Smith,* 276 App Div 9 (92 NYS2d 794) [1949], that "this cause of action (in contract) is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction." The court continues:

> "The 2 causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which natu-

rally flow from the tortious act. In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof."

In *Barnard v Dilley,* 134 Mich App 375, 378; 350 NW2d 887 (1984), our Court explained the term "special agreement." In *Barnard,* the plaintiff hired defendant Dilley and the law firm of which he was a member to act as an attorney in a lawsuit brought against the plaintiff by third parties. At a scheduled deposition, the plaintiff and Dilley had a serious disagreement and Dilley withdrew as the plaintiff's counsel. In her first complaint, the plaintiff alleged legal malpractice. In her first amended complaint, she alleged that she contacted Dilley and requested that he defend her. She and Dilley then "entered into a contractual agreement in which [he] agreed to represent [her] in the aforementioned lawsuit." *Id.,* p 377. In rejecting the plaintiff's contract claim, this Court stated:

> This contract was not a "special agreement" as that term was used in *Stewart v Rudner,* 349 Mich 459, 468; 84 NW2d 816 (1957). It was not a contract to perform a specific act, but one to exercise appropriate legal skill in providing representation in a lawsuit. Her claim is that damages flowed not from his failure to represent her, but from his failure to represent her adequately. This is a claim grounded on malpractice and malpractice only. [134 Mich App 378.]

In this case, plaintiff's first amended complaint alleged that defendant breached the alleged agreement by failing to properly diagnose the decedent's ailments and render appropriate medical care. In addition, plaintiff alleged that the decedent re-

ceived no medical care during his last four days at the hospital. After examining the allegations in plaintiff's complaint, we conclude that the allegations are an attempt to disguise a tort action sounding in malpractice into a contract action so as to avoid governmental immunity. Plaintiff's complaint does not allege the existence of a "special agreement" between the decedent and the hospital. The "Authorization For Treatment" form signed by the decedent merely authorized the hospital and its doctors to render appropriate medical care. Their failure to do so constitutes malpractice. This case is unlike *Stewart, supra,* wherein the defendant doctor specifically agreed to perform a Caesarean section. In our case, there was no agreement to perform any specific act. In fact, the only acts that the decedent agreed to allow the hospital to perform were those that were deemed necessary or advisable in the professional judgment of the attending physician. Thus, plaintiff has not established a contract cause of action.

In addition, there cannot be an implied contract in this case. In *Guilbault v Dep't of Mental Health,* 160 Mich App 781, 784-785; 408 NW2d 558 (1987), this Court stated the following with respect to the elements of an implied contract:

> In *Lowery v Dep't of Corrections,* 146 Mich App 342, 359; 380 NW2d 99 (1985), this Court discussed the elements of an implied contract:
> "[A] contract based on implication must still satisfy the elements of mutual assent and consideration, *Spruytte v Dep't of Corrections,* 82 Mich App 145; 266 NW2d 482 (1978). In *Spruytte,* the Court found that no implied bailment contract could be found to exist because (1) there was no mutual assent since the procedure for bailment of property upon incarceration was required as an aspect of prison management and control, and (2)

there could be no finding of consideration since defendant was performing a preexisting duty."

Thus, if defendant had the preexisting duty to provide treatment to decedent, there can be no consideration for any implied contract and, therefore, no contract.

MCL 333.20201; MSA 14.15(20201) establishes a duty upon defendant to provide medical treatment to all persons in need of such treatment without regard to their ability to pay. Thus, since defendant had a preexisting duty to provide decedent with medical health services, there could be no contract. Therefore, the trial court's grant of summary disposition was proper.

Finally, plaintiff's contract claim must fail because there was no writing as required by MCL 566.132(g); MSA 26.922(g). The "Authorization For Treatment" form does not constitute a contract. At best, it granted authority to the hospital to perform the requisite medical services.

Affirmed.