BRACKENS v DETROIT OSTEOPATHIC HOSPITAL

Docket No. 93055. Submitted July 13, 1988, at Detroit. Decided January 17, 1989. Leave to appeal applied for.

Plaintiff, Mallie Brackens, consulted Dr. Floyd Jones because of stomach pains. Dr. Jones admitted her to Detroit Osteopathic Hospital in order to perform surgery. The surgery was allegedly performed improperly. Plaintiff was thereafter seen at the hospital by Drs. Taras and Tobes, but neither detected the improperly performed surgery. Plaintiff thereafter sought treatment at Henry Ford Hospital and, thereafter, her condition was diagnosed and corrected at a different hospital. Plaintiff brought a medical malpractice action in the Wayne Circuit Court against Detroit Osteopathic Hospital, Henry Ford Hospital, and Dr. Jones. The trial court, Thomas J. Brennan, J., granted Detroit Osteopathic Hospital's motion for summary disposition, finding that Drs. Taras and Tobes were independent contractors of Detroit Osteopathic Hospital and, therefore, no vicarious liability existed. Following the parties' stipulation to the dismissal of the matter in regard to Henry Ford Hospital and Dr. Jones, an order of dismissal was entered. Plaintiff appealed from the order of summary disposition entered in favor of Detroit Osteopathic Hospital.

The Court of Appeals *held:*

1. The facts contained in plaintiff's sworn affidavit in opposition to Detroit Osteopathic Hospital's motion for summary disposition, if developed at trial, could establish that plaintiff had no independent relationship with Drs. Taras and Tobes before treatment and that the hospital was not merely the situs for treatment by plaintiff's own physician. The affidavits submitted by the hospital support plaintiff's claim of ostensible agency.

2. Summary disposition was improper since a genuine issue of fact existed as to whether Drs. Taras and Tobes were ostensible agents of Detroit Osteopathic Hospital.

Reversed.

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 26,28.

Liability of hospital or sanitarium for negligence of physician or surgeon. 51 ALR4th 235.

Hospitals — Malpractice — Physicians and Surgeons — Vicari-
ous Liability.

> A hospital generally is not vicariously liable for the negligence of
> a physician who is an independent contractor and merely uses
> the hospital's facilities to render treatment to his patients; an
> agency by estoppel can be found if the individual looked to the
> hospital to provide medical treatment and there was a repre-
> sentation by the hospital that medical treatment would be
> afforded by physicians working therein; factors to consider are
> whether the individual had an independent relationship with
> the physician prior to entering the hospital and whether the
> hospital was really the situs for treatment by the individual's
> own physician.

*Hatchett, Dewalt, Hatchett & Hall* (by *Kwarma Vanderpuye* and *Elbert L. Hatchett*), for plaintiff.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *William McCandless*), for Detroit Osteopathic Hospital.

Before: Gribbs, P.J., and Shepherd and J. R. Cooper,* JJ.

J. R. Cooper, J. Plaintiff appeals as of right from the dismissal of her medical malpractice action by summary disposition under MCR 2.116(C)(10). We reverse.

Plaintiff originally consulted Dr. Floyd Jones in April of 1983, because of stomach pains. Dr. Jones admitted plaintiff to defendant Detroit Osteopathic Hospital in order to perform a gastrojejunostomy. Plaintiff alleges that the operation was negligently performed by Dr. Jones and resulted in a gastroileosteomy, which is a bypass procedure performed on obese persons. Plaintiff was readmitted to the hospital twice because of dehydration and diarrhea. She was seen at the hospital by Drs. Taras and Tobes in June and July of 1983, for upper

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gastro-intestinal examinations, and neither detected the improperly performed gastrojejunostomy. Plaintiff's condition was later diagnosed and corrected at a different hospital in December of 1983.

Plaintiff filed the instant complaint, alleging, inter alia, that Detroit Osteopathic Hospital was vicariously liable for the negligence of its agents Drs. Taras and Tobes in failing to diagnose plaintiff's condition. The trial court granted the hospital's motion for summary disposition on the basis that Drs. Taras and Tobes were independent contractors of the hospital and, therefore, no vicarious liability existed. Plaintiff appeals, arguing that it is a question of fact for the jury whether Drs. Taras and Tobes were ostensible agents of Detroit Osteopathic Hospital.

A motion for summary disposition under MCR 2.116 (C)(10) tests the factual sufficiency of plaintiff's claim. The court must give the benefit of any reasonable doubt to the party opposing the motion and grant the motion only if it is impossible for the claim to be supported at trial because of a deficiency which cannot be overcome. *Struble v Lacks Industries, Inc,* 157 Mich App 169, 172-173; 403 NW2d 71 (1986). Courts are liberal in finding that a genuine issue exists. *Adas v Ames Color-File,* 160 Mich App 297, 300; 407 NW2d 640 (1987).

Additionally, MCR 2.116(G)(4) provides that the nonmoving party may not rest upon mere allegations or denials in his or her pleadings but must, by affidavits or as otherwise provided in the court rule, "set forth specific facts showing that there is a genuine issue for trial." *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987). The statement of the nonmoving party's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to

establish a genuine issue of material fact. *NuVision v Dunscombe,* 163 Mich App 674, 681; 415 NW2d 234 (1987). The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue of fact upon which reasonable minds might differ. *Meeka v D & F Corp,* 158 Mich App 688, 691; 405 NW2d 125 (1987).

Generally speaking, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients. However, if the individual looked to the hospital to provide medical treatment and there was a representation by the hospital that medical treatment would be afforded by physicians working therein, an agency by estoppel can be found. *Grewe v Mt Clemens General Hospital,* 404 Mich 240, 250-251; 273 NW2d 429 (1978). Factors to be considered are whether the plaintiff had an independent relationship with the physician prior to entering the hospital and whether the hospital was really the situs for treatment by plaintiff's own physician. *Wilson v Stilwill,* 411 Mich 587, 609-610; 309 NW2d 898 (1981).

Plaintiff submitted a sworn affidavit in opposition to Detroit Osteopathic Hospital's motion for summary disposition wherein she asserted:

1. She is the Plaintiff in the above entitled action.

2. That at no time prior to her admission to DETROIT OSTEOPATHIC HOSPITAL had she met or known of Dr. Taras or Dr. Tobes.

3. That at all times during her confinement at Defendant DETROIT OSTEOPATHIC HOSPITAL, she knew, understood and believed that Drs. Taras and

Tobes were hospital physicians who would perform and interpret certain tests done upon her.

4. That she neither believed nor had reason to believe that said Dr. Tobes and Dr. Taras were not employed by DETROIT OSTEOPATHIC HOSPITAL.

These facts, if developed at trial, could establish that plaintiff had no independent relationship with Drs. Taras and Tobes before treatment and that the hospital was not merely the situs for treatment by plaintiff's own physician. We note that the affidavits submitted by the hospital support plaintiff's claim of ostensible agency. The fact that the discharge summary is on Detroit Osteopathic Hospital stationary and cites no referring physician supports plaintiff's claim that she was looking to the hospital for treatment.

A genuine issue of fact existed as to whether Drs. Taras and Tobes were ostensible agents of Detroit Osteopathic Hospital, therefore, summary disposition under MCR 2.116(C)(10) was improper.

Reversed and remanded for trial.