CONRAD v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 106439. Submitted March 14, 1989, at Detroit. Decided June 20, 1989. Leave to appeal applied for.

Evelyn Conrad sustained a work-related injury when she was pinned between two automobiles. She received workers' compensation benefits for the injury. Conrad and her husband, Alvin J. Conrad, were insured under a no-fault automobile insurance policy issued by Auto Club Insurance Association, under which policy the Conrads had elected not to coordinate personal protection insurance coverage with other insurance. The policy provided that the insurer "will subtract benefits provided or required to be provided under the laws of any state or federal government from the benefits otherwise payable under [PIP] coverage." Mrs. Conrad made a claim for PIP benefits and Auto Club paid the claim after deducting a setoff equal to the workers' compensation benefits she had received. The Conrads sought payment of the setoff in an action in Wayne Circuit Court against Auto Club. The parties moved for summary disposition, each side claiming that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The court, Lucile A. Watts, J., granted plaintiffs' motion and denied defendant's motion. Defendant appealed.

The Court of Appeals *held:*

1. The insurance policy in this case clearly and unambiguously authorizes defendant to deduct workers' compensation benefits, which are required to be provided under Michigan law, from otherwise payable PIP benefits, regardless of whether plaintiffs purchased coordinated or noncoordinated coverage.

2. Section 3109(1) of the no-fault act, MCL 500.3109(1); MSA 24.13109(1), requires that workers' compensation benefits be subtracted from PIP benefits where both benefits are available.

Reversed and remanded for entry of summary disposition in favor of defendant.

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
   WORKERS' COMPENSATION.

   Reduction of personal protection insurance benefits available
      under a no-fault automobile policy by an amount equal to
      workers' compensation benefits received by the insured for the
      same injury, even where the insured had elected not to coordi-
      nate benefits under the policy with other insurance, is consis-
      tent with a provision in the policy stating that the insurer "will
      subtract benefits provided or required to be provided under the
      laws of any state or federal government from the benefits
      otherwise payable under this coverage" and consistent with the
      no-fault act's requirement that workers' compensation benefits
      be subtracted from personal protection insurance benefits
      where both benefits are available (MCL 500.3109[1]; MSA
      24.13109[1]).

*John C. Kaplansky,* for plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Edwin F. Dyer, II*), and *John A. Lydick,* of Counsel, for defendant.

Before: WAHLS, P.J., and REILLY and G. S. AL-
LEN,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's grant of summary disposition to plaintiffs and the denial of defendant's motion for similar relief. Defendant asserts that the trial court erred in concluding that defendant could not deduct plaintiff Evelyn Conrad's workers' compensation benefits from the personal protection insurance benefits defendant was otherwise obligated to pay plaintiff under an insurance contract. We agree and reverse.

Plaintiffs purchased a no-fault automobile liability policy from defendant that specifically provided for noncoordinated personal protection insurance benefits. Thereafter, plaintiff Evelyn Conrad was

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

injured at a car wash when she was pinned between two automobiles during the course of her employment. In addition to her receipt of workers' compensation benefits, Mrs. Conrad also filed a claim with defendant for PIP benefits. Although defendant paid the claim, defendant deducted a setoff equal to the amount of the workers' compensation benefits.

Plaintiffs subsequently filed the instant action to recover the setoff and both parties then moved for summary disposition under MCR 2.116(C)(10). Without detailing its reasoning, the trial court granted summary disposition to plaintiffs. However, the record indicates that the trial court apparently concluded that defendant had waived its right to a setoff by charging plaintiff a higher premium for the noncoordinated PIP benefits. Having reviewed the underlying contract, we now conclude that this decision was in error.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. *Brackens v Detroit Osteopathic Hospital,* 174 Mich App 290, 292; 435 NW2d 472 (1989). Giving the benefit of all reasonable doubt to the opposing party, the court will grant the motion only if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome. *Brackens, supra; Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). In the instant case, the validity of the parties' respective claims is determined by the terms of the underlying insurance contract. See *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684; 403 NW2d 197 (1987), lv den 428 Mich 900 (1987). In examining that policy we are mindful that any clause is valid provided it is clear, unambiguous and consistent with public policy. *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 171

Mich App 46, 53; 429 NW2d 637 (1988); *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 361-362; 314 NW2d 440 (1982), reh den 412 Mich 1119 (1982).

Defendant originally deducted the setoff from plaintiff's PIP benefits pursuant to the following provision in the contract:

> We will subtract benefits provided or required to be provided under the laws of any state or federal government from the benefits otherwise payable under this coverage . . . .

We conclude that this provision clearly and unambiguously authorizes defendant to deduct workers' compensation benefits, which are required to be provided under Michigan law, from otherwise payable PIP benefits, regardless of whether plaintiffs purchased coordinated or noncoordinated coverage. We note that this provision is included in the policy's "Limits of Liability" section. Although other provisions in that section refer to deductions applicable only if the policy is for coordinated benefits, there is nothing to indicate that the instant provision only applies where the insured has elected to coordinate benefits. To the contrary, the instant provision clearly details that it applies to "benefits otherwise payable under this coverage . . . ." The plain import of this phrase is that the setoff will apply to any benefits payable under the entire policy. Moreover, the term "coverage" is also "a word of precise meaning in the insurance industry, [and] refers to protection afforded by an insurance policy, or the sum of the risks assumed by a policy of insurance." *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 204; 301 NW2d 775 (1981). Thus, the clear and unambiguous language of the policy authorizes defendant to

deduct a setoff equal to plaintiff's workers' compensation benefits.

Further, the operation of this provision is consistent with public policy. Under Michigan's no-fault automobile insurance act, workers' compensation benefits are statutorily required to be subtracted from PIP benefits. See MCL 500.3109(1); MSA 24.13109(1) and *Joiner v Michigan Mutual Ins Co,* 161 Mich App 285, 291; 409 NW2d 808 (1987). The purpose of this statutory mandate is to eliminate "duplicative benefits recovery" in an effort to ensure lower premiums for no-fault insurance. *Sibley v DAIIE,* 431 Mich 164, 168; 427 NW2d 528 (1988); *Gregory v Transamerica Ins Co,* 425 Mich 625, 631-632; 391 NW2d 312 (1986). Public policy demands that no-fault insurance premiums be kept as low as possible since such insurance is compulsory. *Gregory, supra,* citing *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 547; 273 NW2d 829 (1979). Consequently, we conclude that the trial court erred in granting summary disposition to plaintiffs because the underlying insurance contract clearly authorized the setoff deducted by defendant. Further, since the setoff was clearly authorized, we conclude that defendant is rightfully entitled to summary disposition.

Reversed and remanded for entry of summary disposition in favor of defendant.