POWERS v PEOPLES COMMUNITY HOSPITAL AUTHORITY

Docket No. 110355. Submitted October 17, 1989, at Detroit. Decided May 7, 1990. Leave to appeal applied for.

Kathleen Powers, personal representative of the estate of Frank Powers, deceased, brought an action in the Wayne Circuit Court against Peoples Community Hospital Authority and Neil Jahan, M.D., alleging express and implied contract claims against both defendants and a medical malpractice claim against Dr. Jahan. The trial court, Paul S. Teranes, J., granted defendants' motions for summary disposition as to plaintiff's contract claims and Dr. Jahan's motion for summary disposition as to the malpractice claim. Plaintiff appealed.

The Court of Appeals held:

1. The trial court properly found that the contract claims were barred by the statute of frauds.

2. Defendants' preexisting duty to provide medical care to the decedent negates a finding of consideration necessary to create an implied contract. Plaintiff's promissory estoppel claim is rejected.

3. The trial court erred in finding that Dr. Jahan was entitled to individual immunity from tort liability under the governmental immunity doctrine. The doctor's status as a staff physician of the hospital did not automatically make him an official, employee, or agent of the hospital. Whether Dr. Jahan is an agent or an independent contractor is a question of fact to be determined on remand.

Affirmed in part, reversed in part and remanded.

McDONALD, P.J., concurred in regard to the majority's determination of the contract issues but dissented from the determination that there is a question of fact whether Dr. Jahan is an

REFERENCES

Am Jur 2d, Estoppel and Waiver §§ 48, 49; Hospitals and Asylums §§ 20-21, 28; Municipal, County, School, and State Tort Liability § 9; Physicians, Surgeons, and Other Healers §§ 161, 208; Restitution and Implied Contracts §§ 6, 160; Statute of Frauds § 217.

See the Index to Annotations under Frauds, Statute of; Governmental Immunity or Privilege; Hospitals; Malpractice by Medical or Health Professions; Promissory Estoppel; Warranties.

agent of the hospital or an independent contractor. He would hold that Dr. Jahan's status as a staff physician as well as plaintiff's reliance on the hospital rather than a particular doctor to provide treatment renders defendant Jahan an agent of the hospital. He would affirm.

1. FRAUDS, STATUTE OF — MEDICAL CARE — WARRANTY OF CURE.

The statute of frauds requires a writing for any agreement, promise or contract relating to medical care or treatment as well as any warranty of cure (MCL 566.132[g]; MSA 26.922[g]).

2. PLEADING — IMPLIED CONTRACTS — PREEXISTING DUTY.

Where there is a preexisting duty to perform some action there can be no consideration for an implied contract and, therefore, no contract.

3. PLEADING — PROMISSORY ESTOPPEL.

A claim based on a promissory estoppel theory fails where it does not allege detrimental reliance on any promise or representation made by the defendant.

4. GOVERNMENTAL IMMUNITY — LOWER LEVEL OFFICIALS, EMPLOYEES AND AGENTS.

Lower level officials, employees, and agents are immune from tort liability only when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts.

5. HOSPITALS — PHYSICIANS AND SURGEONS — PRINCIPAL AND AGENT — VICARIOUS LIABILITY.

Physicians with staff privileges at a hospital are generally considered to be independent contractors and are not considered to be agents of the hospital for purposes of vicarious liability; a staff physician, under certain factual circumstances, may be found to be the ostensible agent of the hospital; the determination whether a staff physician is an agent or independent contractor is a question of fact.

*William S. Stern, P.C.* (by *William S. Stern*), for plaintiff.

*MacArthur, Cheatham & Acker, P.C.* (by *Kevin P. Hanbury* and *Mary T. Nemeth*), for Neil Jahan, M.D.

Before: McDONALD, P.J., and MICHAEL J. KELLY
and MURPHY, JJ.

MICHAEL J. KELLY, J. Plaintiff appeals from a
March 21, 1988, order granting defendants', Dr.
Neil Jahan and Peoples Community Hospital Au-
thority's, motions for summary disposition as to
plaintiff's contract claims and the June 30, 1988,
order granting defendant Jahan's motion for sum-
mary disposition as to plaintiff's tort claim. We
affirm in part and reverse in part.

Plaintiff is the personal representative of the
estate of Frank Powers, deceased. Plaintiff's claims
arise out of the care and treatment provided Pow-
ers while he was a patient at Annapolis Hospital,
a division of the Peoples Community Hospital
Authority. Plaintiff originally instituted an action
for malpractice against defendant hospital and Dr.
Bernard Bercu, plaintiff's first treating physician.
Defendant Jahan was later added as a party defen-
dant. Plaintiff eventually settled with Dr. Bercu,
leaving the hospital and Jahan as party defen-
dants.

Following the Supreme Court's decision in *Ross
v Consumers Power Co (On Rehearing)*, 420 Mich
567; 363 NW2d 641 (1984), defendant hospital
moved for summary disposition, claiming the oper-
ation of Annapolis Hospital was a "governmental
function" entitled to a broad grant of immunity.
The trial court granted defendant hospital's mo-
tion and dismissed plaintiff's tort claim as to de-
fendant hospital. This dismissal was affirmed by
the Supreme Court in *Hyde v University of Michi-
gan Bd of Regents*, 426 Mich 223; 393 NW2d 847
(1986).

Following the Supreme Court's ruling that
plaintiff's tort claim against defendant hospital
was barred by the doctrine of governmental immu-

nity, plaintiff was permitted to amend her complaint to allege express and implied contract claims against defendant hospital and defendant Jahan. On March 21, 1988, the trial court granted defendants' motions for summary disposition as to plaintiff's contract claims, reasoning that plaintiff failed to produce evidence of a writing sufficient to satisfy the statute of frauds. MCL 566.132(g); MSA 26.922(g). Accordingly, the case proceeded against defendant Jahan solely on plaintiff's tort claims. Thereafter, defendant Jahan moved for summary disposition claiming he was entitled to individual immunity under the three-prong test articulated in *Ross*. MCR 2.116(C)(7). On June 30, 1988, the trial court granted defendant Jahan's motion for summary disposition as to plaintiff's tort claims.

I

Plaintiff first argues that the circuit court erred by finding that her contract claims against defendants were barred by the statute of frauds. We find that the circuit court did not err by dismissing plaintiff's contract claims.

The Michigan statute of frauds, MCL 566.132(g); MSA 26.922(g), provides in pertinent part:

In the following cases an agreement, contract or promise shall be void, unless that agreement, contract, or promise, or a note or memorandum thereof is in writing and signed by the party to be charged therewith, or by a person authorized by him:

* * *

(g) An agreement, promise, contract, or warranty of cure relating to medical care or treatment. Nothing in this paragraph shall affect the right to sue for malpractice or negligence.

Plaintiff contends that because no promise, warranty or contract to *cure* was made to Powers or his family, the statute of frauds does not apply to the instant case. We disagree, finding that the statute requires a writing for any agreement, promise or contract relating to medical care or treatment as well as any warranty of cure. *Malik v William Beaumont Hosp,* 168 Mich App 159; 423 NW2d 920 (1988).

Nor do we believe plaintiff presented sufficient evidence to satisfy the memorandum requirement of the statute. The "patient bill of rights" and the agreements entered into by defendant Jahan and defendant hospital merely authorized the hospital and its doctors to render appropriate medical care, and do not constitute a written agreement to perform a specific act. *Penner v Seaway Hosp,* 169 Mich App 502; 427 NW2d 584 (1988). We must also reject plaintiff's implied contract claim as defendants' preexisting duty to provide medical care to the decedent negates a finding of consideration necessary to create an implied contract. *Penner, supra;* see also *Guilbault v Dep't of Mental Health,* 160 Mich App 781; 408 NW2d 558 (1987).

Thus, given the applicability of the statute of frauds and plaintiff's failure to meet the writing requirements contained therein, we find no error in the trial court's dismissal of plaintiff's contract claims. We likewise reject plaintiff's promissory estoppel claim as the alleged promise made by defendant hospital's nursing staff related to medical care or treatment and such promises must be in writing. MCL 566.132(g); MSA 26.922(g). Moreover, the mere allegation of promises made by the nursing staff does not set forth a promissory estoppel claim as to defendant Jahan. Plaintiff has failed to allege detrimental reliance on any promise or representation made by defendant Jahan.

*Lowery v Dep't of Corrections,* 146 Mich App 342; 380 NW2d 99 (1985).

II

Plaintiff argues that the circuit court erred in finding that defendant Dr. Jahan was entitled to individual immunity from tort liability under the doctrine of governmental immunity. We agree and reverse the circuit court's dismissal of plaintiff's malpractice claim against Dr. Jahan.

Our Supreme Court has already ruled that the principles of governmental immunity set forth in *Ross, supra,* are applicable to this case. *Hyde, supra.* Additionally, the Court found defendant hospital to be a governmental agency immune from tort liability. Therefore, defendant Jahan's entitlement to governmental immunity rests upon application of the three-prong test announced in *Ross.*

Under *Ross,*

> judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority. *Lower level officials, employees, and agents are immune from tort liability only when they are*
>
> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
>
> 2) acting in good faith; and
>
> 3) performing discretionary, as opposed to ministerial acts. [420 Mich 633-634.]

Applying the test from *Ross,* we believe that the circuit court improperly found Jahan immune from tort liability. Dr. Jahan's status as a staff

physician of the defendant hospital did not make him an official, employee, or agent of that hospital. Physicians with staff privileges at a hospital are generally considered independent contractors, and are not considered agents of that hospital for purposes of vicarious liability. *Grewe v Mount Clemens General Hosp,* 404 Mich 240, 250; 273 NW2d 429 (1978); *Brackens v Detroit Osteopathic Hosp,* 174 Mich App 290; 435 NW2d 472 (1989), lv den 433 Mich 857 (1989). However, under certain factual circumstances, a staff physician can be found to be the "ostensible" agent of a hospital. *Grewe.* The trial court's finding that Jahan was an employee or agent of the hospital, and so entitled to governmental immunity, disregards the holding of *Grewe,* by reasoning that defendant Jahan's status as a staff physician automatically renders him an agent of the hospital. This assumption was incorrect. Whether Jahan is an agent or an independent contractor is a question of fact to be determined by considering the factors listed in *Grewe.* The circuit court did not consider these factors, but merely assumed that Jahan was an employee or agent of the hospital and so entitled to immunity under *Ross.* We therefore reverse the lower court's grant of summary disposition of plaintiff's malpractice claim against Dr. Jahan and remand to permit resolution of the fact question whether Jahan was an agent of defendant hospital and therefore entitled to governmental immunity under *Ross.*

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Murphy, J., concurred.

McDonald, P.J. *(concurring in part and dissent-*

*ing in part).* I do not believe there is a question of fact whether Dr. Jahan is an agent of the hospital or an independent contractor. Defendant's status as a staff physician as well as plaintiff's reliance on the hospital rather than a particular doctor to provide treatment renders defendant Jahan an agent of defendant hospital.

*Grewe v Mount Clements General Hosp,* 404 Mich 240; 273 NW2d 429 (1978), does not hold that physicians with staff privileges at a hospital are generally considered independent contractors but, rather, states that generally a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients is not an agent of the hospital. As stated in *Grewe,* p 251:

> [T]he critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where *his* physician would treat him for his problems. [Emphasis added.]

The parties do not dispute that plaintiff relied on the hospital to render medical treatment and did not engage Dr. Jahan or any specific doctor's services. Moreover, plaintiff's amended complaints consistently allege defendant Jahan's status to be that of agent to defendant hospital. I would affirm.