NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0637n.06
Filed: July 29, 2005

No. 04-1360

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LUFTHANSA CARGO A.G., DEUTSCHE LUFTPOOL, GERLING-KONZERN ALLGEMEINE VERSICHERUNGS A.G., and DELVAG LUFTFAHRTVERSICHERUNGS A.G., | ) ) ) ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiffs-Appellants*, | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| COUNTY OF WAYNE, MICHIGAN; and JACK B. ANGLIN CO., | ) ) | O P I N I O N |
| | ) | |
| *Defendants-Appellees; and* | ) | |
| | ) | |
| VOPAK USA, INC., et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

BEFORE: BATCHELDER and COLE, Circuit Judges; and REEVES, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.** This appeal arises out of a series of snowstorms that hit the Detroit area in the winter of 1999. On January 12th and 14th of that year, two Lufthansa Cargo jets suffered engine flameouts when landing at Detroit-Wayne County Metropolitan Airport ("DTW"). After inspecting debris found to have been ingested into the engines of the jets, the plaintiffs-appellants ("Lufthansa"), who are collectively owners, operators, and insurers of Lufthansa Cargo Airlines, sued Wayne County, the owner and operator of the airport, on a breach-of-implied-contract theory. Lufthansa also sued several contractors and manufacturers, each of whom were in

_____

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

some way responsible for snow removal and deicing at DTW. Federal jurisdiction over all these claims was proper under 28 U.S.C. § 1332.

Being well-aware that Michigan has granted governmental entities immunity from tort suits, Lufthansa sued Wayne County under an implied contract theory. The complaint alleged that an implied contract for the use of a safe landing strip is created when an airplane lands at DTW, since the County charges each landing aircraft a user fee. However, this theory overlooks the fact that DTW is required by statute to let all airplanes land without prior approval, and to keep runways clear and safe at all times. *See, e.g.*, Mich. Comp. Laws § 259.24(b) (2001); 14 C.F.R. § 139.313. As the district court found, the County may charge a statutory fee after an airplane lands at DTW, but the payment of such a fee simply does not create an implied contract under Michigan law absent consideration in return. *See, e.g.*, *Borg-Warner Acceptance Corp. v. Dep't of State*, 444 N.W.2d 786, 786 (Mich. 1989); *Penner v. Seaway Hosp.*, 427 N.W.2d 584, 587 (Mich. Ct. App. 1988).

With regard to the Jack B. Anglin Co., the only remaining contractor on appeal, our review of the record shows that the district court properly determined that no reasonable jury could find by a preponderance of the evidence that Anglin's work near the runway occurred prior to January 12th or 14th. *See, e.g.*, *Skinner v. Square D Co.*, 516 N.W.2d 475, 481, 485 (Mich. 1994).

Accordingly, the issuance of a more detailed opinion would serve no useful purpose. We therefore **AFFIRM** both the dismissal of the claim against Wayne County and the grant of summary judgment for Anglin, for the reasons given in the district court's two well-reasoned opinions.