*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANDREA CARLOMUSTO,

Plaintiff-Appellant,

v

JOHN M. COLASANTI, D.D.S., PC, and JOHN M. COLASANTI, D.D.S.,

Defendants-Appellees.

UNPUBLISHED
August 12, 2021

No. 353215
Wayne Circuit Court
LC No. 19-009367-CK

Before: RIORDAN, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendants. We affirm.

## I. FACTUAL BACKGROUND

This case arises from cosmetic dental work that defendants, Dr. John M. Colasanti, D.D.S., and John M. Colasanti, D.D.S., PC, performed on plaintiff, Andrea Carlomusto, in 2016.[1] Plaintiff filed a complaint in July 2019, setting forth claims of breach of contract, unjust enrichment, and fraud. Defendants subsequently moved for summary disposition pursuant to MCR 2.116(C)(7) or MCR 2.116(C)(8). Defendants principally argued that plaintiff's claims actually sounded in medical malpractice and were therefore barred by the applicable two-year statute of limitations.

In response, plaintiff argued that her claims against defendants were separate from medical malpractice and arose from promises Dr. Colasanti made to her regarding certain dental work. Plaintiff emphasized a handwritten treatment note that she asserted constituted a written contract between her and Dr. Colasanti. The treatment note stated, in relevant part, that the parties

---

[1] We will refer to defendants collectively as defendants and individually as Dr. Colasanti and John M. Colasanti, D.D.S., PC, respectively.

"discussed placing composite @ anterior without placing material at lingual of teeth where it would interfere with her bite." Plaintiff signed the treatment note, and Dr. Colasanti initialed it.

The trial court held a hearing on defendants' motion for summary disposition and ruled that plaintiff's claims sounded in medical malpractice. The trial court further ruled that the treatment note did not constitute a contract because it did not demonstrate a mutuality of agreement and, even if it did constitute a contract, plaintiff's claim still arose out of questions of medical judgment and required expert testimony. The trial court therefore granted summary disposition in defendants' favor.

## II. DISCUSSION

Plaintiff argues that the trial court improperly granted summary disposition in defendants' favor because her claims sounded in contract and fraud, not medical malpractice.[2] We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred because of the statute of limitations." *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 335; 941 NW2d 685 (2019). "Summary disposition is appropriate under MCR 2.116(C)(8) if the plaintiffs have failed to state a claim on which relief can be granted." *Id*. "Under MCR 2.116(C)(7), where the claim is allegedly barred, the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party." *Elia Cos, LLC v Univ of Mich Regents*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351064); slip op at 3, lv pending. Thus, "[a] court is permitted to consider materials outside the pleadings when deciding a motion under MCR 2.116(C)(7)." *Trowell v Providence Hosp and Med Ctrs, Inc*, 502 Mich 509, 518; 918 NW2d 645 (2018). By contrast, "only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8)." *Elia Cos, LLC*, ___ Mich App at ___; slip op at 3. "Under both (C)(7) and (C)(8), all well-pleaded allegations must be both accepted as true and construed in the light most favorable to the nonmoving party." *Sabbagh*, 329 Mich App at 335-336.[3]

---

[2] Although plaintiff references the fact that she made an unjust enrichment claim below, her arguments on appeal apply only to her breach-of-contract claim and fraud claim. Regardless, for the reasons explained herein, we conclude that her unjust enrichment claim also sounded in medical malpractice.

[3] The trial court did not specify whether it granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7), MCR 2.116(C)(8), or both. However, a review of the record indicates that the trial court granted summary disposition in defendants' favor because it ruled that plaintiff's claims actually sounded in medical malpractice. If plaintiff's claims sounded in medical malpractice, then they would be time-barred. Moreover, plaintiff offered, and the trial court considered, the treatment notes, which were not part of the pleadings. Thus, the trial court appears to have granted summary disposition pursuant to MCR 2.116(C)(7).

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). "[I]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted). In *Bryant v Oakpointe Villa Nursing Centre*, 471 Mich 411, 422; 684 NW2d 864 (2004), our Supreme Court "set forth a two-part test to determine whether an alleged claim is a medical malpractice claim, regardless of the labels the plaintiff uses." *Lucas v Awaad*, 299 Mich App 345, 360; 830 NW2d 141 (2013). The two-part *Bryant* test is as follows:

> (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions. [*Id*., quoting *Bryant*, 471 Mich at 422 (quotation marks omitted).]

Before applying this test, though, the court must determine whether the medical malpractice claim is "being brought against someone who, or an entity that, is capable of malpractice." *Sabbagh*, 329 Mich App at 336, quoting *Bryant*, 471 Mich at 420 (quotation marks omitted). "[J]ust because a party is capable of committing malpractice, it does not mean that a claim against that defendant *certainly* sounds in medical malpractice." *Id*. at 338 (quotation marks and citation omitted).

Although *Bryant* set forth this test within the context of differentiating between claims of ordinary negligence and medical malpractice, *Bryant*, 471 Mich at 422, this Court has previously applied the test set forth in *Bryant* to other theories of recovery as well. See *Lucas*, 299 Mich at 360-364 (applying the *Bryant* test to determine whether the plaintiff's claims of intentional infliction of emotion distress and fraud actually sounded in medical malpractice); *Tipton v William Beaumont Hosp*, 266 Mich App 27, 34; 697 NW2d 552 (2005) ("Although our Supreme Court applied this test in the context of determining whether an ordinary negligence claim actually sounded in medical malpractice, the test succinctly sets forth the 'two defining characteristics' of a medical malpractice claim. Therefore, we hold that it likewise applies in determining whether this [Michigan Consumer Protection Act] claim actually sounds in medical malpractice.").

"A doctor and his patient . . . have the same general liberty to contract with respect to their relationship as other parties entering into consensual relationship with one another, and a breach thereof will give rise to a cause of action." *Penner v Seaway Hosp*, 169 Mich App 502, 508; 427 NW2d 584 (1988), quoting *Stewart v Rudner*, 349 Mich 459, 467-468; 84 NW2d 816 (1957) (quotation marks omitted).[4] "[T]his cause of action (in contract) is entirely separate from malpractice, even though they both . . . may arise out of the same transaction." *Penner*, 169 Mich App at 508 (quotation marks and citations omitted). "Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a

---

[4] "Opinions from this Court issued before November 1, 1990, are not binding upon this Court but may be persuasive." *Jackson v Dir of Dep't of Corrections*, 329 Mich App 422, 428 n 5; 942 NW2d 635 (2019).

failure to perform a special agreement." *Id*. (quotation marks and citation omitted). A "special agreement" is "a contract to perform a specific act . . . ." *Id*. at 509 (quotation marks and citation omitted).

Despite plaintiff's attempt to label it as a breach-of-contract claim, plaintiff's claim against defendants actually sounds in medical malpractice. Plaintiff does not dispute that she could have a valid medical malpractice claim against defendants. Such a medical malpractice claim may be brought, in relevant part, against a person who holds himself or herself out as a licensed health care professional, *Sabbagh*, 329 Mich App at 336, or a professional corporation rendering professional services by a licensed health care provider, *Potter v McLeary*, 484 Mich 397, 419; 774 NW2d 1 (2009). Dr. Colasanti, as a dentist, is a licensed health care provider. See MCL 333.16611. See also *Sabbagh*, 329 Mich App at 337 ("A 'licensed health care professional' is an individual licensed or registered under article 15 of the public health code . . . and engaged in the practice of his or her health profession in a sole proprietorship, partnership, professional corporation, or other business entity.") (quotation marks and citation omitted). Here, John M. Colasanti, D.D.S., PC, is a professional corporation that was rendering professional services—dentistry—through Dr. Colasanti. Therefore, both defendants are capable of medical malpractice as set out in *Bryant*, 471 Mich at 420.

Turning to *Bryant*'s first prong, plaintiff's claim "pertains to an action that occurred within the course of a professional relationship . . . ." *Lucas*, 299 Mich App at 360 (quotation marks and citation omitted). Specifically, plaintiff's claim arises from dental work that Dr. Colasanti performed on her. The second prong of the *Bryant* test also is met here because plaintiff's claim "raises questions of medical judgment beyond the realm of common knowledge and experience." *Id*. (quotation marks and citation omitted). The treatment note upon which plaintiff relies for her breach-of-contract claim states that the parties discussed "placing composite [at] anterior without placing material at lingual of teeth where it would interfere with her bite." Plaintiff alleged that defendants breached this alleged contract when Dr. Colasanti placed "considerable material at lingual," causing her to "los[e] bite contact in her mouth . . . ." These allegations raise several questions that are beyond the realm of common knowledge and experience, such as: (1) whether Dr. Colasanti placed material at plaintiff's lingual where it would interfere with her bite, (2) what constitutes "considerable material" placed at one's lingual during a cosmetic dental procedure, and (3) whether placing that amount of material in that position would cause a person to lose bite contact and result in severe pain. Thus, her allegations raise questions of medical judgment that would require expert testimony and thereby satisfy the second-prong. *Bryant*, 471 Mich at 423.

Because both prongs of the *Bryant* test are met, "the action is subject to the procedural and substantive requirements that govern medical malpractice actions." *Lucas*, 299 Mich at 360 (quotation marks and citation omitted). The statute of limitations for a medical malpractice claim is two years. MCL 600.5805(8). Pursuant to MCL 600.5838a(1), "a claim based on the medical malpractice of a person or entity . . . accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." Defendants assert Dr. Colasanti last treated plaintiff in November 2016, and plaintiff has not disputed this. Plaintiff filed her complaint in July 2019—more than two years after Dr. Colasanti last treated her. Plaintiff's claim was therefore barred by the statute of limitations. Accordingly, summary disposition of the breach-of-contract claim in defendants' favor was appropriate pursuant to MCR 2.116(C)(7).

Plaintiff's attempt to demonstrate a distinct breach-of-contract claim is unavailing. As discussed earlier, the treatment note that plaintiff claims constituted a written contract between her and Dr. Colasanti stated that the parties "discussed placing composite [at] anterior without placing material at lingual of teeth where it would interfere with her bite." The treatment note further indicated that plaintiff understood "the risks, benefits and alternatives" of the treatment and accepted such. Plaintiff signed the treatment note, and Dr. Colasanti initialed it. The language of the treatment note does not demonstrate that Dr. Colasanti obligated himself to perform the specific act plaintiff alleges—to "not place any material at the lingual of [her] teeth." Rather, the note merely indicates that plaintiff and Dr. Colasanti *discussed* the procedure, including him not putting material in that location, where it would interfere with her bite. Thus, although a contract claim may arise from a contract between a medical professional and a patient, plaintiff's claim here sounds solely in medical malpractice. The trial court therefore properly granted summary disposition in defendants' favor.[5]

Plaintiff next argues that she has a valid, independent fraud claim that survives even if her breach-of-contract claim sounds in medical malpractice. This argument is unpersuasive. To succeed on a fraud claim, a plaintiff must demonstrate the following six elements:

> (1) that the defendant made a material representation; (2) that it was false; (3) that the defendant made the representation knowing that it was false or made it recklessly without knowledge of its truth; (4) that the defendant intended that the plaintiff would act on the representation; (5) that the plaintiff relied on the representation; and (6) that the plaintiff suffered injury as a result of having relied on the representation. [*Lucas*, 299 Mich at 363.]

Even if it is labeled as a "fraud" claim, a plaintiff's claim may nonetheless sound in medical malpractice. See *id*. at 364.

Here, plaintiff's fraud claim also sounds in medical malpractice. For the same reasons explained in detail earlier, defendants are both capable of medical malpractice and the first prong of the *Bryant* test is met. The second prong of the *Bryant* test is also met within the context of plaintiff's alleged fraud claim because this claim "raises questions beyond the realm of common knowledge and experience." *Id*. at 360 (quotation marks and citation omitted). Specifically, plaintiff alleged in her complaint that defendants "made false representations of material facts to [her] concerning the treatment plan and expected results based on said treatment plan." Plaintiff further alleged that defendants intended for her to rely on these false representations regarding her treatment plan "in an effort to sign off on the . . . treatment plan and bill [p]laintiff for treatments" Dr. Colasanti did not actually intend to perform.

These allegations raise questions of whether the location of material placed at plaintiff's lingual interfered with plaintiff's bite such that Dr. Colasanti must have known his representation

---

[5] We note that accepting plaintiff's argument concerning her purported breach-of-contract claim would mean that the medical malpractice statute of limitations, as well as the various other statutes governing such claims, e.g., MCL 600.2912b, could be evaded in virtually any case in which there is a writing between a medical provider and a patient.

was false when he made it and whether the treatment actually performed by Dr. Colasanti was so different from that discussed, as memorialized by the treatment note, that his actions indicated an intent to not actually perform the described treatment. The issues plaintiff brings involve the exercise of medical judgment or competency, both of which require expert testimony. *Id.* at 364. Because plaintiff's fraud claim actually sounded in medical malpractice, the two-year medical malpractice statute of limitations applied and barred this claim. The trial court therefore properly granted summary disposition of the fraud claim in defendants' favor pursuant to MCR 2.116(C)(7).

## III. CONCLUSION

The trial court correctly granted summary disposition in favor of defendants. Therefore, we affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Brock A. Swartzle